The inhabitants of the town of WINDSOR *against* The inhabitants of the town of HARTFORD.

THIS was an action of *assumpsit,* for the support of *Fanny Libbet,* a pauper, and her two children.

*Fanny* was born in *Hartford,* in the year 1785, and was the illegitimate daughter of *Sarah,* a slave of *Jonathan Butler,* who is, and always has been, an inhabitant of *Hartford.* When *Fanny* was about three years old, *Jonathan Butler* gave her, and with her the right to all her services, to his son, *Frederick Butler,* an inhabitant of *Wethersfield.* She resided in *Wethersfield,* until she was twenty-five years old, when the term of her service by law expired. *Sarah,* the mother of *Fanny,* was sold by her master, *Jonathan Butler,* in the year 1795, to *Hezekiah Chaffee,* an inhabitant of *Windsor,* and was emancipated by him in the year 1801. He had previously received a certificate from the civil authority and selectmen of *Windsor,* pursuant to the statute, *tit.* 150. *c.* 2. *s.* 1. but neither the certificate nor letter of emancipation were ever recorded. Soon after *Fanny's* term of service expired, she left *Wethersfield,* and went to *Windsor,* where she has ever since resided. Within six months after her going to *Windsor,* she became chargeable to that town. Her two illegitimate children mentioned in the declaration were born there. Upon this statement of facts the case was reserved for the consideration and advice of the nine Judges.

*T. S. Williams* and *H. L. Ellsworth,* for the plaintiffs, contended, that the settlement of *Fanny,* the pauper, was in *Hartford,* that being the place of her birth, and of her mother's settlement ; that she gained no settlement by her residence in *Wethersfield,* during her minority ; (*Salisbury* v. *Fairfield,* 1 *Root,* 131. *Huntington* v. *Oxford,* 4 *Day* 189. 1 *Swift's Syst.* 169.) and that she had no derivative settlement with her mother, on her acquiring a new settlement in *Windsor.* *Springfield* v. *Wilbraham,* 4 *Mass. Rep.* 493, 496. They also contended, that as the certificate and letter of emancipation were not recorded, as required by statute, *tit.* 150. *c.* 2. *s.* 2. *Sarah* was not so emancipated as to be capable of acquiring a settlement independently of her master, and could not,

The daughter of a female slave, born after the 1st of *March,* 1784, is not a slave, though liable to be held in servitude until twenty-five years of age.

The settlement of such child is in the place of her birth.

Her settlement is not changed by her residence in another town, with a master to whom she was assigned, until she arrived to the age of twenty-five years.

Nor is her settlement changed, on her mother's gaining a new settlement, by assignment to an inhabitant of another town ; a slave being incapable of communicating a derivative settlement.

The settlement of an illegitimate child is that of its mother.

*Hartford,*
November,
1817.

Windsor
*v.*
Hartford.

therefore, confer a new settlement on her offspring. They finally contended, that *Fanny* never was a slave, having been born after the 1st day of *March* 1784. *Stat. tit.* 150. *c.* 1. *s.* 13. If she never was a slave, her settlement is clearly in *Hartford, by birth.*

*Edwards,* for the defendants, contended that whether *Fanny,* in technical strictness, was to be termed a *slave,* or not, yet her condition was such that her master was as much bound to support her as one who is a *slave for life ;* that the entire rights of *Jonathan Butler* in relation to this servant, were transferred to *Frederick Butler,* of *Wethersfield,* and consequently, all the duties of the former, one of which was to furnish support, devolved upon the latter ; that if she had not a settlement with her master, she had one with her mother in *Windsor.*

SWIFT, Ch. J. *Fanny,* the pauper in question, was the child of a slave of *Jonathan Butler* of *Hartford,* and acquired a settlement, by birth, in the town of *Hartford.* She was free at the age of twenty-five ; and, of course, is to be considered as a free person, and never was a slave. During her residence with *Frederick Butler,* she is to be considered on the footing of an apprentice, or minor, living in another town, by the consent of parents or guardians ; and did not thereby gain any settlement in *Wethersfield.* She never gained a settlement in *Windsor,* in right of her mother ; for the mother being a slave could communicate no such right. She must, of course, retain her settlement in *Hartford,* and her two children follow the place of her settlement.

I am of opinion that the plaintiffs are entitled to recover.

In this opinion the other Judges severally concurred, except TRUMBULL, J., who gave no opinion, being interested in the event of the suit.

Judgment to be given for plaintiffs.