### George W. J. Swan *vs.* Calvin Horton.

A judgment against an infant, without first appointing a guardian *ad litem*, is erroneous, and may be reversed by writ of error.

Writ of error to reverse a judgment of the superior court of Suffolk at May term 1857, in favor of the defendant in error, in an action on a promissory note, in which the plaintiff in error had been defaulted for failure to file an affidavit of defence. The error assigned was, that the plaintiff in error, at the time of the rendition of the judgment sought to be reversed, was an infant, and that no guardian *ad litem* was appointed for him in the case. The defendant in error moved to dismiss the writ, because no error was set forth in the assignment of errors, upon which the writ could issue.

*W. L. Burt*, for the defendant in error.

*N. C. Berry*, for the plaintiff in error, was not called upon by the court.

Dewey, J. The error assigned is sufficient to maintain this writ of error. The mistake of the counsel for the defendant in error arises from not considering the distinction between the proper form of bringing the parties before the court and the legal liabilities which may properly be held to attach to an infant upon such trial when he is duly before the court. In the latter stage of the case it might constitute no defence that the party was a minor, if the cause of action was one to which

infancy constituted no legal defence. But an infant cannot, in a civil suit, be properly defaulted, or have a judgment rendered against him for any cause of action, without having a legally appointed guardian, who may defend the suit in his behalf. If he has none under a probate appointment, or other authorized source, a guardian *ad litem* must be appointed, and the duty devolves upon the plaintiff in the action to have such appointment made, if no motion to that effect proceeds from the other side. *Knapp* v. *Crosby*, 1 Mass. 479. *Valier* v. *Hart*, 11 Mass. 300. *Crockett* v. *Drew*, 5 Gray, 399. We have considered this question as if raised by the plea *in nullo est erratum*, as it must be substantially taken to be, though not formally, and upon which view the case was argued. *Judgment reversed.*