CASE 60—ACTION BY THERESA ROSA MEYER'S ADMR. AND OTHERS AGAINST GEORGE J. ZOLL FOR PERSONAL INJURIES TO PLAINTIFF'S INTESTATE FROM BEING BITTEN BY A VICIOUS DOG OF DEFENDANT'S. —JAN. 18.

## Meyer's Admr., &c. v. Zoll.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION NO. 1— EMMET FIELD, JUDGE.

JUDGMENT FOR DEFENDANT. PLAINTIFF APPEALS. REVERSED.

ACTIONS—SURVIVAL—INFANT—COMPROMISE BY PARENTS.

1. Under Kentucky Statutes 1903, section 10, providing that no right of action for personal injury shall die with the person injuring or injured except in specified cases, and that for any

Meyer's Admr., &c. v. Zoll.

injury other than those excepted an action may be brought by or against a persona representative in the same manner as actions founded on contract, an action to recover damages for pain endured by a child from the time of an injury until the date of his death survives to the personal representatives of the child, and does not belong to his parents as such, so that an attempted compromise of the right of action by the parents prior to the death of the child, and before they had even a beneficial interest in any recovery which might be obtained in the action, was void, and did not preclude the maintenance of the action by the administrator after the child's death.

2. It will be presumed that a settlement made by the parents of a child with a person responsible for injury to him, before the child died from the result of the injuries, covered merely the parent's claim for nursing, attention and medical bills, for which the parents had a right to recover, and did not cover the right of the child, or his administrator after the child's death, to recover for suffering and anguish endured by the child, for which the parents had no right of action.

BENJAMIN F. WASHER and BRADLEY & BATSON, attorneys for appellant.

POINTS AND AUTHORITIES.

1. Parents who, in the event of their child's death, would be her beneficiaries, can not, prior to the consummation of the cause of action in the child for pain and suffering resulting in an injury inflicted without her consent so compromise with the wrongdoer as to defeat an action by the child's administrator for such pain and suffering when debts in the way of funeral expenses and costs of administration have been incurred after the compromise of the parents and are being asserted against the estate. Kimbell v. Miller, 54 Ill. App., 665; Horgan v. Pacific Mills, 158 Mass., 402, 33 N. E., 58; Texas Railway Co. v. Morin, 66 Tex., 225, 185 W., 503; Goff v. Obertenffer, 3 Phila., 71; Bliss Code Pleading (3d ed.), 29, p. 44; Ky. Stat., sec. 1403; Ky. Stat., sec. 6, clause 3; Joseph's Admr. v. Lapp's Admr., 78 K. D., 1119; Yelton v. Evansville, &c., 134 Ind., 414; Stuebing v. Marshall, 10 Daily, 406; Sycora v. Case Medicine Co., 60 Northwestern, 1008.

2. In such an action to a defense made by the wrongdoer, the administrator can plead, first, matter such as fraud and lack of consideration, which would avoid the alleged compromise, and, second, facts which would negative the very existence of the contract and render it absolutely void from the beginning. Mc-

Intyre v. Williamson, 1 Edw., Ch., 34; Union Pacific v. Artist, 9 C. C. A., 14; Van Brunt v. Van .Brunt, 3 Edw., Ch., 14; Sherwood v. Walker, 66 Mich., 568; Joseph's Admr. v. Lapp's Admr., 78 K. D., 1119.

3. If the administrator will not be permitted to make these defenses, then the parties who would be entitled to the recovery, after the payment of debts against the estate, and with whom the alleged settlement purports to have been made, can come in the case on motion, file their pleadings and make these defenses. Dembman v. Shutling, 51 How. Prac., 337; Ireland v. Nichols, 1 Sweeney, 208; Girard v. St. Louis Car Wheel Co., 25 L. R. A., 514; 1 Chitty, Pl., 16 Am. Ed., 608; Code Pleading, sec. 210; Greenup County v. Railway, 89 Ky.; 659; Ky. Mut. Sect. Co. v. Turner et al., 89 Ky., 672; O'Brien v. Chicago Ry., 89 Iowa, 644, 57 N. W., 425; Chicago Ry. v. Doyle, 18 Kan., 58; Kirchner v. Machine Co., 72 Miss., 22; Mullen v. Ry., 127 Mass., 86; Sanford v. Royal Ins. Co., 40 Pac., 609.

KOHN, BAIRD & SPINDLE AND STANLEY E. SLOSS, ATTORNEYS FOR APPELLEE.

### POINTS AND AUTHORITIES.

1. Theresa Meyer died in infancy, unmarried, leaving parents, without debts, and leaving no estate except a claim for injuries causing death, and alleged to have been inflicted by a dog owned by appellee.

2. Her parents, John H. and Theresa Meyer, were the sole beneficiaries under section 6, Kentucky Statutes, of the action for death, or of the action for pain and suffering under the statute of distribution, section 1403.

3. They settled all claims arising out of the injuries   Being the sole beneficiaries, their settlement prevents any suit by an administrator, and the appellant, Dean, subsequently appointed administrator, had no right to sue. Schmidt v. Deegan, 69 Wis., 300; Doyle v. New York, &c., 72 N. Y. S., 936; Mattoon, &c., Co. Dolan, 105 Ill. App., 1; Christie v. Chicago, &c., 74 N. W., 697-8 (Iowa); Dowell v Burlington, &c., 17 N. W., 901 (Iowa); Sykora v. The Case Mfg. Co., 60 N. W., 1008 (Minn.); Prater v. The Tenn., &c., Co., 58 S. W., 1068 (Tenn.); Vail v. Anderson, 64 N. W., 47; Steubing v. Marshall, 10 Daly, 406.

4. The child's claim for pain and suffering died with her, as did the parents' for loss of services. Gregory v. I. C., 26 Ky. Law Rep., 76.

5. The settlement was in terms a settlement of all claims for the injuries, and, hence, settles both the administrator's action for death and that for pain and suffering. But a settlement of

Meyer's Admr., &c. v. Zoll.

'either claim, like a judgment on either, bars an action for the other. The administrator must elect between them. Louisville Ry. v. Wills, 23 Ky. Law Rep., 1961; Lewis' Admx. v. Taylor Coal Co., 112 Ky., 845.

6. Under section 6, Kentucky Statutes, as well as under section 1403, costs of administration and personal expenses must be paid out of the recovery, and the parents are entitled only to the surplus. As they paid the funeral bill out of the compromise, they can not claim a further recovery here on that account. Their settlement of all claims includes the funeral bill. Sykora v. Case, 60 N. W., 1008.

7. The claim that the father took an assignment of the bill would at most give him only a lien on the recovery, and as the recovery is his the lien merges in the title. United Loan v. Bitzer, 25 Ky. Law Rep., 1538.

8. The costs of administration and funeral expenses were not set up by petition, and there can be no recovery. The administrator pleaded that the release had been obtained by fraud, but fraud is a personal defense, and fraud practiced on the parents could not be pleaded by the administrator. 9 Ency. of Pl. and Prac., 681; Parker v. Roberts, 22 S. W., 914; Hoeft v. Supreme Lodge, 45 Pac., 185; Lebanon Steam Laundry v. Dyckman, 22 Ky. Law Rep., 348; Prater v. Tenn., &c., 58 S. W., 1668.

9. The latter was a case identical with the case at bar. This is a common-law action and the parents are not necessary or proper parties to it. They can not intervene in it to set up the fraud as a ground for cancellation, for that is an exclusively equitable jurisdiction. To permit that would be to allow a misjoinder both of causes and of parties. They must sue in equity. Besides, they filed no petition. They offered only to file replies and the replies contain no prayers for cancellation.

10. But neither the parents nor the administrator repaid or tendered the money. Until they do so, even if the release was fraudulently obtained, the settlement prevents them prosecuting this suit. L. & N. v. McElroy, 100 Ky., 153; Home, &c. v. Muehl, 22 Ky. Law Rep., 1378; McGill v. L. & N., 24 Ky. Law Rep., 1244-7; L. & N. v. Carter, 23 Ky. Law Rep., 2017.

OPINION OF THE COURT BY JUDGE NUNN—REVERSING.

The appellant in substance alleged in his petition that on and prior to the 26th day of September, 1902, the appellee was the owner of and kept a vicious dog, which he knew to be dangerous, vicious, and inclined to bite mankind, and

which he allowed to go unrestrained and at large; that on the 26th day of September, 1902, this dog went upon the premises and into the residence of the intestate's father in the city of Louisville, without the knowledge of the father, and attacked, bit and mangled appellant's intestate, by. reason of which she endured intense pain, suffering, and agony, both bodily and mental, for thirty-five days, when she died; and asked damages of the appellee.

The appellee answered, and did not deny any of the allegations of the petition, but alleged, in substance, that Theresa Rosa Meyer, appellant's intestate, was an infant, and died about the 1st of November, 1902, unmarried, and without issue, leaving no estate of any kind, except the alleged claim asserted in the petition, and leaving no debts; that she left surviving her a father, John H. Meyer, who asserted against the appellee the same cause of action set up in the petition, and that appellee denied and disclaimed any responsibility or liability thereupon; that by the statute in such cases made and provided the mother and father of appellant's intestate were the exclusive beneficiaries of the alleged cause of action asserted in the petition; that on the 2d day of October, 1902, this appellee and John H. and Theresa Oswald Meyer, the parents of appellant's intestate, compromised and settled all claims against and liabilities of appellee by reason of their child's death and the alleged injury received by her, and signed and delivered a receipt acknowledging full satisfaction thereof, as follows:

"Louisville, Ky., Oct. 2, 1902.

"Know all men by these presents: that we, John H. and Theresa Meyer, being husband and wife, and the parents of Theresa Rosa Meyer, do hereby, for and in consideration of the sum of $500, the receipt of which is hereby acknowledged, do on behalf of ourselves and each of us and of our

said child, hereby remise, release and forever discharge
George Zoll, of the city of Louisville, county of Jefferson
and State of Kentucky, his heirs, executors and adminis-
trators, of and from all actions and causes of actions, suits,
claims and demands whatsover, in law or in equity, and es-
pecially from all claims and demands arising from an al-
leged injury of Theresa Rosa Meyer, the said child of the
said John H. Meyer and Theresa Meyer, which occurred at
501 E. Kentucky street, Louisville, Ky., on or about the
26th day of September, 1902, which the said John H. Meyer
and Theresa Meyer have had, now have, or which their
heirs, executors, administrators, or assigns, or any of them,
now have, hereafter can, shall or may have for or by reason
of the said alleged injuries, or for any cause, matter or
thing whatsoever.

"In witness whereof we have hereunto set our hands this
2d day of October, 1902.

"[Signed]                    JOHN H. MEYER,

"THERESA OSWALD MEYER."

Appellee further alleged that at the time appellant Dean
was appointed and qualified as the administrator of Theresa
Rosa Meyer, she had left no estate of any kind or character,
and that the appointment of appellant as such administrator
was null and void, and that he had no right to prosecute
this claim, inasmuch as the parents of his intestate and
the sole beneficiaries were fully paid and satisfied as to any
and all claims which might exist against appellee for their
use and benefit. The court overruled a demurrer to this
answer.

Appellant filed a reply in effect denying that his intes-
tate's parents had compromised and settled the matters
sued for in this action, and alleged that the receipt or
writing copied herein was obtained by the fraud of appellee.

The acts of fraud were specifically stated, but are not nec-
essary to a determination of this appeal, and are therefore
omitted.  The appellant also stated that at the time the
receipt was executed the child appeared to be improving,
had every appearance that it would recover from its in-
juries, and that they were assured by the appellee that the
dog which injured the child was free from hydrophobia
or any disease, when in fact he was afflicted with such a
disease, and inoculated the child, and that it died from
hydrophobia within thirty days from that time; and asked
that the alleged compromise and receipt be declared void.
The court sustained a demurrer to this reply.  Other plead-
ings were offered by appellant, which the court refused to al-
low to be filed.

Under our view of the principles governing this case,
we deem it unnecessary to refer to them further.  We are
of the opinion that the court should have sustained a de-
murrer to the answer of appellee, as it did not state any
defense to the cause of action stated in the petition.  Ap-
pellant, by his petition, sought to recover of the appellee
damages for the pain, suffering, and anguish endured by
his intestate from the time she was bitten and lacerated
by this dog until the date of her death, a period of about
thirty-five days, which cause of action survived to her per-
sonal representative, under section 10 of the Kentucky
Statutes of 1903.  The parents of this child never at any
time had any right of action for the pain and suffering of
their child.  This right existed in the child alone, and sur-
vived upon its death as stated.  The parents had no right
to compromise or settle with appellee for this cause of ac-
tion, because at the time of this pretended settlement or
compromise they had no beneficial or other interest in the
cause of action stated, and no attempt on their part to

settle for the child or for themselves for the pain and suf-
fering endured by it prior to its death was void. The
parents' interest in the cause of action stated in the petition
was not in existence at the time of this pretended settle-
ment. In 4 Bush, 358, in the case of McBee v. Myers,
etc., the court said: "But it is insisted in support of the
judgment that the contract relied upon by appellant is of no
effect and void, because the subject-matter of the contract at
the time was not *in esse;* that it had neither an actual nor
a potential existence, and was a mere hope or contingency,
founded upon no right, and coupled with no interest, and,
therefore, could not be the subject of a contract. This we
recognize not only as the doctrine of the common law, but
as being authoritatively settled by the adjudication of this
and other courts." If the allegations of the petition were
true, the parents did have a cause of action at the time
of the alleged compromise, in that they had the right to re-
cover for the nursing, attention and medical bills bestowed
and incurred in endeavoring to restore the child to health,
and that it must be presumed that this was the meaning and
extent of the settlement made, for at that time it was not
expected nor contemplated by the parents that the child
would die by reason of its injuries, and the interest sued for
herein was not in the minds of the parties at the time of
the execution of the receipt referred to.

Appellant cites in support of the settlement pleaded the
following authorities: Doyle v. N. Y., etc., R. Co. (Sup.)
72 N. Y. Sup., 936; Mattoon, etc., Co. v. Dolan, 105 Ill.
App., 1; Christie v. Chicago, etc., R. Co. (Iowa) 74 N. W.,
697; Dowell v. Burlington, etc., R. Co. (Iowa) 17 N. W.,
901; Sykora v. The Case Threshing Mach. Co. (Minn.) 60
N. W., 1008; Prater v. The Tenn., etc., Co. (Tenn.) 58 S. W.,
1068; Vail v. Anderson (Minn.) 64 N. W., 47. We have

carefully examined each and all of these authorities, and find that in all of them the settlements were made with the beneficiaries after the death of the party injured; some few of them before administration and some after. But in all of the cases the parties settled and compromised with had then a vested, beneficial interest at the time of the settlement—that is, their interest in the estate were *in esse*—and therefore the cases have no application to the question involved in the action at bar.

For these reasons the judgment of the lower court is reversed, and cause remanded for further proceedings consistent herewith.

· Petition for rehearing by appellee overruled.