RAY EASTON, In Error, vs. LOANA EATON.

Hancock.    Opinion June 30, 1914.

*Bastardy.    Exceptions.    Guardian.    Judgment of Affiliation. · Minor.
Writ of Error.*

1.  It is the rule of the common law that in all civil actions an infant must be
represented by a guardian, or next friend, and whenever it appears to the court
in which an action is pending that one or more of the parties are infants, and
such infant has no guardian by appointment of the Probate Court, the Court
should appoint a guardian ad litem to appear and protect the rights of the
infant.

2.  Unless the infant is so protected and the records so show, a judgment or decree
against him is erroneous and may be reversed on a writ of error.

3.  The proceedings in bastardy, under Revised Statutes, Chap. 99, are civil
actions.

4.  There is nothing in Revised Statutes, Chap. 99, on which the proceeding is
founded that alters the common law in this respect.

On exceptions by plaintiff.    Exceptions sustained.

This is a writ of error, in which the plaintiff in error seeks to have
the judgment against him reversed, recalled or corrected.    Said
original judgment was rendered by the Supreme Judicial Court for
the county of Hancock at a term thereof held on the second Tuesday
of April, 1913, in bastardy proceedings, wherein Loana Eaton was
complainant and Ray Easton was respondent, and was a judgment of
affiliation after a verdict of guilty.    This plaintiff in error, who was
the respondent in the bastardy proceedings, was, during all the
proceedings, a minor under the age of twenty-one years, and had
no guardian.    The presiding Justice ruled pro forma that the respond-
ent in the bastardy proceedings could defend without a guardian and
affirmed the former judgment of affiliation.    To this ruling, the
plaintiff excepted.

The case is stated in the opinion.

*Montgomery & Emery*, for plaintiff in error.

*Elmer P. Spofford*, for defendant in error.

SITTING: SAVAGE, C. J., SPEAR, HALEY, HANSON, PHILBROOK, JJ.

HALEY, J.  This is a writ of error, in which the plaintiff in error, seeks to have the judgment against him therein described reversed, recalled or corrected, as law and justice may require. . The original judgment was rendered by the Supreme Judicial Court for the county of Hancock, at a term thereof held on the second Tuesday of April, 1913, in a bastardy proceeding instituted and prosecuted under Chap. 99 of the Revised Statutes, wherein the defendant in error was complainant, and the plaintiff in error was respondent. The judgment was a judgment of affiliation after a verdict of guilty. The error alleged in said writ of error is:  "Because said defendant at the commencement of the suit was a minor of the age of fifteen years, and while under age said defendant appeared without guardian, and at no time during said action was any guardian ad litem appointed to defend the suit in his behalf."  It is admitted that the records in said original proceedings show that the plaintiff in error at the time of the commencement and during the prosecution of said proceedings was a minor under the age of twenty-one years, and that in the preliminary proceedings before the magistrate, and in the subsequent proceedings in court, he appeared in person and by attorney, and his defense was made by said attorney; that at no time during the pendency of said proceedings did the plaintiff in error have a guardian, either by probate appointment, or by a guardian ad litem appointed by the court to defend said proceedings in his behalf."

The only question raised by this writ of error and exceptions is, whether an infant respondent in bastardy proceedings must defend the proceedings by guardian?  The court ruled *pro forma* that he could defend without a guardian, and affirmed the former judgment. To this ruling the plaintiff excepted, and the case is before this court upon said exceptions.

It is a rule of the common law that in all civil actions an infant must be represented by a guardian, or next friend, and whenever it appears to the court in which an action is pending that one or more of the parties are infants, and such infant has no guardian by appointment of the Probate Court who has appeared to protect his rights, the court should appoint a guardian ad litem to appear in the cause and protect and safeguard the rights of the infant, and, unless the infant is so protected and the records so show, a judgment or decree against

him is erroneous and may be reversed on a writ of error. "In an action against an infant he must appear by guardian, for, as it is quaintly remarked, 'he has neither knowledge of his own affairs, or to choose one to plead for him; and may have an action against his guardian if he misplead for him.'" 6 Com. Dig. Pleader, 2, Chap. 2, (202.) Error will lie if no guardian is appointed. *Crockett* v. *Drew*, 5 Gray, 399; *Beckley* v. *Newcomb*, 4 Foster, 359. *Marshall, Admr.*, v. *Wing*, 50 Maine, 62; *Bernard* v. *Merrill*, 91 Maine, page 361; *Leach* v. *Marsh*, 47 Maine, 549; *Swan* v. *Horton*, 80 Mass., 179; *Valier* v. *Hart*, 11 Mass., 300.

That proceedings under Chap. 99, R. S., are civil actions is too firmly established to be questioned. *Hodge* v. *Sawyer*, 85 Maine, 285; *Smith* v. *Lunt*, 37 Maine, 546; *Mahoney* v. *Crowley*, 36 Maine, 486; *Eaton* v. *Elliott*, 28 Maine, 436; *Robinson* v. *Sweet*, 26 Maine, 378; *Lowe* v. *Mitchell*, 18 Maine, 372; *Hinman* v. *Taylor*, 2 Conn., 355.

In *Hinman* v. *Taylor*, cited above, the proceeding was under the laws of that State for the support of bastard children, practically the same as the proceedings under the Revised Statutes of this State, and the complainant was a minor, and the case was tried and a verdict found for the complainant. After judgment the defendant brought a writ of error, alleging as error the fact that the complainant was a minor and prosecuted the action in her own person and by an attorney employed by her, and that no guardian appeared of record to protect her rights. The court held that the proceeding was a civil action, and stated: "It is an unquestionable rule of the common law, that an infant must sue by guardian or next friend. There is nothing in the statute on which this proceeding is founded, that alters the common law in this respect. The statute creates a right to commence and prosecute a civil suit; but the party must conform to the principles of the common law in carrying it on. As the plaintiff has not sued by guardian or next friend, I am of opinion she cannot prosecute the suit; that the judgment of the superior court be reversed." The opinion was concurred in by six of the other Justices.

In *Coomes* v. *Knapp*, 11 Vt., 540, it was sought to reverse a judgment for the complainant, because in a bastardy proceeding there had been no guardian ad litem appointed, but the court held it was sufficient if one was appointed before the defendant's plea was filed and who appeared and defended the infant, recognizing the rule that

there must be a guardian before a valid-judgment can be rendered against an infant.

As the proceedings for the maintenance of bastard children under Chap. 99, R. S., are civil actions, and are within the rule requiring the appointment of a guardian ad litem to protect the rights of the infant before a judgment is entered against the infant, it follows that there was error in the original proceedings and the mandate should be,

*Exceptions sustained.*