JOSEPH JOYCE, by His Guardian ad Litem, CATHERINE JOYCE, Appellant, v. WASHINGTON STORAGE WAREHOUSE AND VAN COMPANY, Respondent.

First Department, February 23, 1917.

Master and servant — negligence — validity of release executed by guardian ad litem in her individual capacity — evidence — erroneous submission to jury of question as to whether release constitutes bar.

Where a mother, after being appointed guardian *ad litem* for the purpose of instituting an action against the defendant for negligence of an employee resulting in injury to her infant son, and before the commencement of the action, together with the son, signs an instrument in her individual capacity, purporting to release the defendant from any damages sustained by the infant's " parents, guardians, husband, wife, next-of-kin or any other person or persons having legal interest therein," and no security is given by the guardian before receiving the money under the release, and no order is obtained from the court allowing her to compromise the infant's claim, such release is not a bar to the claim of the infant.

In an action by the infant through his guardian *ad litem* said release is inadmissible in evidence, and it is error to submit to the jury the question as to whether it constitutes a bar.

Evidence in such an action examined, and *held*, to raise an issue of fact preventing the dismissal of the complaint upon the merits.

APPEAL by the plaintiff, Joseph Joyce, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 25th day of February, 1916, upon the verdict of a jury, and also from an order entered in said clerk's office on the 20th day of March, 1916, denying plaintiff's motion for a new trial made upon the minutes.

*Richard J. Donovan,* for the appellant.

· *Robert B. Cumming* [*E. Clyde Sherwood* with him on the brief], for the respondent.

DOWLING, J.:

This action was brought to recover damages claimed to have been sustained by Joseph Joyce, an infant, by reason of the negligence of an employee of the defendant in driving a van drawn by a team of horses on Eighth avenue in the borough of Manhattan, city of New York, as the result of which the infant was struck and injured. The case was submitted to the jury that it might decide two issues: *First,* was the accident due to the negligence of the defendant or that of the boy; *second,* was a certain release executed by the boy and by his mother intended to release not only the mother's claim for services and for medical attendance, but also the son's claim, in which case the court instructed the jury that the release was sufficient and their verdict should then be for the defendant. Concededly the trial court was in error in submitting the question of the validity of this release to the jury, for it had no force or effect whatever as a matter of law.

The accident occurred April 8, 1914, at which time the infant was ten years of age. On April 30, 1914, his mother was appointed his guardian *ad litem* for the purpose of instituting this action, which was commenced August 6, 1914. During the interim and on June 24, 1914, the infant and his mother signed an instrument, under seal, whereby, for a consideration of $200, the mother and the son discharged the defendant herein from all claims, demands and causes of action arising by reason of the accident in question. The release does not purport to be executed by the mother as guardian *ad litem* of her son but in

her individual capacity, although it attempts to release from any damages sustained by the infant's "parents, guardians, husband, wife, next-of-kin or any other person or persons having legal interest therein." No security was given by the guardian *ad litem* before receiving the money in question, as required by sections 474 and 475 of the Code of Civil Procedure and by rule 51 of the General Rules of Practice, nor was any order obtained from the court allowing the compromise of the infant's claim.

Under these conditions the payment by the defendant was of no effect whatever, so far as the rights of the infant were concerned, and the so-called release was without any force or effect as a bar to the plaintiff's claim. It should not have been received in evidence, and the submission to the jury of the question as to whether it did not, in fact, constitute such a bar was erroneous. (*Heiter* v. *Joline*, 135 App. Div. 13; *Greenburg* v. *N. Y. C. & H. R. R. R. Co.*, 210 N. Y. 505.)

Admitting that this error required the reversal of the judgment, the defendant urges that it should nevertheless be affirmed, inasmuch as the plaintiff did not make out any case which should have been submitted to the jury, and that the complaint should have been dismissed upon the merits. With this contention we are unable to agree, as the evidence raised an issue of fact which was required to be submitted to the jury.

The judgment and order appealed from will, therefore, be reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, P. J., LAUGHLIN, SMITH and PAGE, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.