## Mastin v. McLain.

(Decided September 26, 1924.)

### Appeal from Harrison Circuit Court.

1. Animals—Owner of Rabid Dog Liable for Damage to Sheep.—Under Ky. Stats., section 68a, subsection 5, owner of dog injuring sheep is liable, though dog is rabid.

2 Constitutional Law—Court Must Not Write Into Statute Exception which Legislature Did Not Make.—Court must not write into statute an exception which legislature did not make, and can only enforce it as written.

T. E. KING for appellant.

WADE H. LAIL for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

Appellant sued appellee for seven hundred dollars damages which he alleges resulted to a flock of his sheep on account of their having been chased and some of them

bitten by the appellee's dog, which, appellant alleges, was at the time rabid, and as a result of the biting some of the sheep contracted hydrophobia and died. The appellee demurred to the petition, and the court sustained the demurrer.

Appellant's claim is based upon subsection 5 of section 68a, Carroll's Kentucky Statutes, which is as follows:

> "Every person owning or harboring a dog shall be liable to the party injured for all damages done by such dog."

In view of the plain letter of this statute, the conclusion is irresistible that the legislature intended to make the owner or harborer of any dog, regardless of its condition, liable for all damages done by such dog. That is exactly what the statute says in the plainest language that could possibly be used, and to give it the construction for which appellee contends, and which the lower court placed thereon, would be to write into the statute an exception which the legislature did not make. This court has said in a long line of decisions that this must never be done when the language of the statute is clear and unambiguous. See Western & Southern Life Insurance Company v. Weber, 183 Ky. 32, 209 S. W. 716.

This question has been decided in this state, and decided adversely to the contention made by appellee. See Myer's Admr. v. Zoll, 119 Ky. 480, 84 S. W. 543.

The liability of dogs to become rabid is well known, and this was perhaps one of the moving causes for this legislation. The court should not judicially amend the statute. The better plan is, when a law is plain and constitutional, to enforce it just as written, and let the legislature have the responsibility for the result.

The judgment is reversed, and this cause is remanded for further proceedings consistent with this opinion.