## MAY KEENAN *vs.* FRANCIS FLANAGAN.

NOVEMBER 1, 1929.

PRESENT: Stearns, C. J., Rathbun, Barrows, and Murdock, JJ.

STEARNS, C. J.    This proceeding is by writ of error to the Superior Court, which was issued on the petition of Francis Flanagan, defendant in the above entitled action at law No. 67,513.

The record sent to this court shows these facts.    April 9, 1926, May Keenan brought an action of trespass in the Superior Court against Francis Flanagan.    After a jury trial, on February 9, 1927, a verdict for $775 was rendered for the plaintiff.    A motion for new trial for defendant, on the usual grounds, was duly filed by the attorney who was conducting the defence.    July 9, 1927, prior to the hearing of the motion for new trial, by leave of the court, said motion was amended by the addition of a fourth reason for new trial, namely, that the defendant was a minor, having been born January 26, 1909, and that no guardian *ad litem* had ever been appointed to defend him.    A certificate of birth was filed with the papers at the same time.

On September 25, 1929, the trial justice denied the motion for new trial. October 2 judgment on the verdict was entered; October 8, 1929, execution issued and on October 11, Flanagan was committed to the Providence County Jail on said execution.

An infant can not conduct his own defence; nor can he appoint an attorney. *Rocks* v. *Cornell*, 21 R. I. 532; 1 Black on Judgments, sec. 195. The rights of an infant, whether plaintiff or defendant, in any litigation are subject to the supervision of the court and must be protected by it; if the infant is a defendant, it is the duty of the court to appoint a guardian *ad litem* to conduct his defence and to act as his legal representative. If the infant or his friends do not take steps to have a guardian appointed, the plaintiff's counsel, after service of process, should move the court to appoint a guardian before proceeding with the litigation. The intentional neglect to inform the court of the infancy of a litigant as soon as is required, is a breach of an attorney's duty to the court. The control of the defence by the guardian is not complete but must be exercised with the approval of the court in a manner best adapted to protect the rights of the minor. Thus a guardian can not agree to a statement of facts upon which a case is submitted to the court unless such facts are clearly advantageous to the minor whom he represents. *Greene* v. *Mabey*, 35 R. I. 11. Nor can he make any admission prejudicial to a minor or waive any of his substantial rights. *Woodworth* v. *Baker*, 48 R. I. 99. In the case at bar the trial justice was informed of petitioner's infancy before the motion for new trial was argued.

The court at that time should have appointed a guardian *ad litem* as soon as the fact of infancy was called to its attention. 14 R. C. L. 282 and cases cited. A new trial should have been granted as the defendant had not been legally represented at the trial; the verdict was voidable, not void. As no guardian was appointed the infant could not proceed by bill of exceptions. *Valier* v. *Hart*, 11 Mass. 300. Procedure by writ of error is appropriate to avoid the

judgment. *Johnson* v. *Waterhouse,* 152 Mass. 585; *Easton* v. *Eaton,* 112 Me. 106.

Judgment reversed and the action reinstated in the Superior Court for further proceedings in accordance with this opinion.

*Julius Ousley,* for May Keenan.

*Thomas L. Carty,* for defendant petitioner.