Charles J. Beckinella, J.
This is a motion for reargument. The original motion (which was granted) was for judgment on the pleadings made pursuant to rule 112 of the Rules of Civil Practice.
Although the complaint in the action in which the motion was made contains much that could have been omitted without sacrificing anything material, the gravamen of the complaint is clear. Its material allegations relate that on August 9, 1953 Alan Gordon and Rise Gordon were injured through the negligence of Roman A. Agaronian; that when the accident happened Alan Gordon was eight years old and Rise Gordon four; that Mr. Agaronian was insured by Allstate Insurance Company; that the father of the Gordon children was also insured by Allstate Insurance Company; that a representative of Allstate *651 Insurance Company informed the father of the Gordon children that he need not retain a lawyer to settle the claims of the injured infants; that on August 26, 1953 the plaintiffs, parents of the Gordon children, signed general releases submitted to them by a representative of Allstate Insurance Company and were paid $125 for the release of the claim of the infant Alan and another $125 for the release of the. claim of the infant Rise; that neither the parents nor the children were represented by an attorney when the releases were signed; that no guardian ad litem was appointed nor was any application made to any court to compromise the infants’ causes of action. The complaint demands judgment that the release [sic] be rescinded and declared null and void and that the plaintiffs be permitted to tender back to the defendants the sum [sic] paid by the defendants for the releases.
In its answer, the defendant Allstate Insurance Company admits that it paid to the parents of the injured children $125 in full payment for all claims of the injured boy and $125 in full payment for all claims of the injured girl and that the parents signed releases of the claims of their infant children.
The purported releases are attached to the original motion papers. Each is entitled ' ‘ Parents ’ Release and Indemnity Agreement”. In each, the parents of the Gordon children acknowledge the receipt of $125 and in consideration of that sum release Roman A. Agaronian from all claims belonging to each minor and to the parents, arising out of any act including and particularly on account of all personal injury to the children or the parents sustained as a consequence of the accident referred to in the agreement. The agreement further states that the parents will repay to Mr. Agaronian and any other firm charged with responsibility, any sums any of them may be compelled to pay on account “ of the injuries to said minor because of the said accident.” It is further stated that in determining the sum of $125 the parents have taken into consideration the fact that the injuries may be ' ‘ permanent and progressive ”, and that the release shall apply to unknown and unanticipated injuries.
Long ago the Court of Appeals stated, ‘ ‘ Infants are the wards of the courts, and our rules of practice abound in provisions of ancient origin designed to safeguard their legal rights ” (Greenburg v. New York Cent. & Hudson Riv. R. R. Co., 210 N. Y. 505, 509). A corollary of this principle is that “ A parent, as natural guardian, possesses no inherent power over the infant’s property and is incapable of effecting a binding release. A *652 guardian ad litem or. special guardian, who appears on an infant’s behalf in an action or special proceeding, likewise lacks the power to compromise and must obtain court approval before a compromise will bind the infant ” (Thirteenth Annual Report of N. Y. Judicial Council, 1947, pp. 203-204).
Joyce v. Washington Storage Warehouse & Van Co. (176 App. Div. 538) was an action to recover damages claimed to have been sustained by an infant by reason of the negligence of the defendant. At pages 539-540, the court stated: ‘ ‘ The case was submitted to the jury that it might decide two issues : First, was the accident due to the negligence of the defendant or that of the boy; second, was a certain release executed by the boy and by his mother intended to release not only the mother’s claim for services and for medical attendance, but also the son’s claim, in which case the court instructed the jury that the release was sufficient and their verdict should then be for the defendant. Concededly the trial court was in error in submitting the question of the validity of this release to the jury, for it had no force or effect whatever as - a matter of law.
‘' The accident occurred April 8,1914, at which time the infant was ten years of age. On April 30, 1914, his mother was appointed his guardian ad litem for the purpose of instituting this action, which was commenced August 6, 1914. During the interim and on June 24, 1914, the infant and his mother signed an instrument, under seal, whereby, for a consideration of $200, the mother and the son discharged the defendant herein from all claims, demands and causes of action arising by reason of the accident in question. The release does not purport to be executed by the mother as guardian ad litem of her son but in her individual capacity, although it attempts to release from any damages sustained by the infant’s ‘ parents, guardians, husband, wife, next-of-kin or any other person or persons having-legal interest therein. ’ No security was given by the guardian ad litem before receiving the money in question, as required by sections 474 and 475 of the Code of Civil Procedure and by rule 51 of the General Rules of Practice, nor was any order obtained from the court allowing the compromise of the infant’s claim.
“ Under these’conditions the payment by the defendant was of no effect whatever, so far as the rights of the infant were concerned, and the so-called release was without any force or effect as a bar to the plaintiff’s claim. It should not have been received in evidence, and the submission to the jury of the question as to whether it did not, in fact, constitute such a bar was erroneous. [Authority cited.] ”
*653 The ‘ ‘ Parents ’ Release and Indemnity Agreements ’ ’ executed in the instant case fall squarely within the authority of Joyce v. Washington Storage Warehouse & Van Co. (supra). They are of no force or effect whatever as a matter of law.
Article 80 of the Civil Practice Act is entitled “ Proceeding for the Settlement of an Infant’s Claim ”. Therein the Legislature has enacted a proceeding to be followed in order to safeguard the legal rights of infants. This legislation was enacted at the instance of the Judicial Council (see its supporting study, Thirteenth Annual Report of N. Y. Judicial Council, 1947, pp. 193-202).
In its original decision on the motion made pursuant to rule 112 of the Rules of Civil Practice, this court stated: ‘ ‘ The defendant has submitted no papers in opposition to this motion. Motion granted. Submit order.” In an affidavit supporting the motion for reargument, the attorney for Allstate Insurance Company suggests that the basis for the court’s decision was Allstate’s failure to submit any papers in opposition to the motion. He also states in his affidavit in support of the motion for reargument that “ No affidavits either in support or opposition to such a motion are permitted.” As to this contention, see Carmody-Wait on New York Practice (vol. 5, p. 107) wherein it is stated in reference to a motion for judgment on the pleadings that “It is the rule, however, at least in the Second Department, that an affidavit submitted by the party opposing the motion for the purpose of showing that issues of fact exist which require a denial of the motion may properly be submitted.” (See, also, Chance v. Guaranty Trust Co., 256 App. Div. 840.) This court’s advertence to Allstate’s failure to submit papers in opposition to the motion for judgment on the pleadings was not a reference to the absence of an affidavit by the defendant Allstate but rather to make note of the surprising fact that no memorandum of law was submitted attempting to sustain its position that a release of an infant’s claim not approved by a court is valid.
The question that impels some inquiry is how extensive is the practice of settling claims of infants without seeking court approval of such settlements. In New York City there must be hundreds of thousands of parents who simply do not know that they have no authority to settle claims their children have for personal injuries. This understandable ignorance of the law is often compounded by the failure of immigrant parents to understand the English language. It appears to this court that there is a duty on the part of insurance company adjusters not to contravene the express policy of this State, as reflected *654 in article 80 of the Civil Practice Act. In my opinion this matter should be brought to the attention of the present inquiry being conducted in this county of alleged illegal, corrupt and unethical practices prejudicial to the administration of justice.
The motion for reargument is granted. After reargument the court adheres to its original determination. Submit order.