ELLEN VALDIMER, an Infant, by Her Guardian ad Litem, DAVID VALDIMER, et al., Respondents, v. MOUNT VERNON HEBREW CAMPS, INC., Also Known as Camp Willoway, Appellant.— In an action by an infant to recover damages for personal injuries, and by her father for medical expenses and loss of services, the appeal is from an order granting respondents' motion, pursuant to rules 109 and 110 of the Rules of Civil Practice, (1) to strike out the partial affirmative defense to the infant's cause of action, which defense alleges that appellant paid the infant $400 in settlement of her claim and on account of her injuries, and (2) to dismiss the counterclaim against her father to recover upon an alleged agreement to indemnify appellant for any loss sustained as a result of any claim which the infant might make against appellant. Order modified by striking therefrom everything following the words "ordered that" and by substituting therefor the words "the motion with respect to the counterclaim is granted, and the motion with respect to the partial affirmative defense to the first cause of action is denied". As so modified, order affirmed, without costs. In our opinion, not only is an agreement purporting to settle an infant's claim for personal injuries unenforcible if not approved by the court, but an agreement to indemnify the infant's obligor, being obviously an attempt to evade a ruling that such a settlement agreement is unenforcible, is likewise unenforcible. It is a well-established rule that a settlement of such claim of an infant after action has been commenced thereon

is not enforcible unless approved by the court. Article 80 of the Civil Practice Act (added by L. 1947, ch. 366, eff. Sept. 1, 1947) expressly authorizes the court to entertain applications to approve such a settlement where an action has not been commenced. The enactment thereof indicates a public policy that no settlement of an infant's claim is enforcible without approval by the court, regardless of whether an action has been commenced. If such a settlement were enforcible without court approval where no action has been commenced, approval under article 80 would be completely superfluous. We cannot attribute such an intent to the Legislature. Resort to an indemnity agreement is but a means of evading the force of a ruling that the underlying settlement agreement is unenforcible, and should be deemed to have no greater sanction in law than the settlement agreement. Otherwise, it would be found that the indemnity agreement would, in practice, redound against the infant's interest. " Infants are the wards of the courts, and our rules of practice abound in provisions of ancient origin designed to safeguard their legal rights" (*Greenburg* v. *New York Cent. & Hudson Riv. R. R. Co.*, 210 N. Y. 505, 509). A contract of indemnity is void if its manifest object is the interference with the due course of public justice (42 C. J. S., Indemnity, p. 573). The partial affirmative defense to the infant's cause of action should, however, be permitted to stand as a pleading of partial payment. Wenzel, Acting P. J., Beldock and Kleinfeld, JJ., concur; Hallinan, J., concurs in the denial of the motion with respect to the defense to the first cause of action but dissents from the granting of the motion with respect to the counterclaim, and votes to deny the motion with respect thereto, with the following memorandum: The infant's father, for a consideration paid, executed a " Parents-Guardian Release and Indemnity Agreement ". By its terms he released appellant from any liability to the infant or himself. In consideration of the payment, he agreed to indemnify and hold harmless the appellant should any claim or suit be brought by or on behalf of the infant. Judicial approval would be required to render the agreement enforcible against the infant; it is now unenforcible against the infant for want of such judicial approval (*Joyce* v. *Washington Stor. Warehouse,* 176 App. Div. 538; Thirteenth Annual Report of N. Y. Judicial Council, 1947, pp. 195–212). An agreement by a parent on behalf of his child is not innately illegal or repugnant to public policy. If it were, the agreement could not be metamorphosed into validity by means of judicial approval. Unenforcibility as to the infant is grounded upon incapacity, which is unavailable to the parent. He took money for his agreement to indemnify — a legitimate transaction. The determination that the agreement is unenforcible as to the parent because it is unenforcible as to the infant is at odds with the holding in *Delafield* v. *Barret* (270 N. Y. 43). The learned Special Term was in error in invoking the authority of *Gordon* v. *Agaronian* (6 A D 2d 806) as a determination that the agreement was void as against public policy. As therein explicitly recited, the determination was based on the conclusiveness of a prior final adjudication. Murphy, J., deceased.