388 A.2d 813.

DIAGO JULIAN, *p.p.a.* MARION JULIAN AND MARION JULIAN

*v.* ZAYRE CORPORATION AND LEISURE DYNAMICS, INC.

JULY 19, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

BEVILACQUA, C.J.  The plaintiffs, Diago Julian and his mother, Marion Julian, have appealed in this civil matter from summary judgments entered in favor of the defendants, Zayre Corporation (Zayre) and Leisure Dynamics, Incorporated (Leisure). The plaintiffs had initiated an action for damages against Leisure for design negligence and against Zayre for breach of warranty. The action concerned a plastic tricycle called an "Eldon Cheetah" that was manufactured by Leisure and purchased by the plaintiffs from Zayre.

On October 7, 1974, Diago, 8 years old at the time, was riding on the tricycle in the driveway of his home in Fall River, Massachusetts. As he rode out onto an abutting street, Diago was struck by a motor vehicle owned by Muriel L. Reynolds and operated by Pierre Bouchard. As a result of the collision Diago suffered multiple leg and foot fractures which required extensive surgery.

Subsequently Diago and his mother brought a negligence action against Muriel Reynolds and Pierre Bouchard based upon the personal injuries suffered by Diago and the resulting medical expenses encounterd by Marion. A settlement was achieved between plaintiffs and the insurer of Reynolds and Bouchard, The Commercial Union Insurance Company (Commercial Union). The settlement, in the sum of $34,000, $28,000 of which was for Diago's claim and $6,000 of which was for Marion's claim, was submitted to the Superior Court for approval in a friendly suit. The court approved the settlement and entered a judgment accordingly.

As part of the settlement and on behalf of Diago, plaintiff Marion Julian executed and signed a Parent's Release and Indemnity Agreement with Commercial Union that covenanted to hold harmless from any further liability Reynolds,

Bouchard, Commercial Union, and "any other person, firm or corporation charged or chargeable with responsibility or liability * * * from any and all claims * * * actions and causes of action, belonging to the said minor or to the undersigned" as a result of the accident of October 7. There is no evidence that this release was ever approved by a court.

In January 1976 plaintiffs instituted the present action against Zayre and Leisure. Based upon the release defendants claimed that they were discharged from any liability arising out of the accident. On these grounds they moved for and were granted summary judgments. The plaintiffs appealed from those judgments.

The plaintiffs contend that the release signed and executed by Marion Julian on her own behalf and that of her minor child Diago was not valid and binding as to the latter and therefore could not operate as a bar to any cause of action belonging to the child. If this were true, then the summary judgments would have been erroneously granted. In rebuttal defendants argue that the interests of Diago were fully protected by the validly executed release and that Marion Julian could, by signing the release as parent and guardian of Diago, bind the minor to the terms of the release and thereby with reference to the incident in question extinguish any claim Diago might have.

At the trial below, defendants' motions for summary judgment under Super. R. Civ. P. 56 raised the release as a defense to plaintiff's claim. In granting the motions, the trial justice in effect found that, based on the pleadings, there was no genuine issue as to any material fact, and that defendants were entitled to judgment as a matter of law. On review we must test such a finding in a light most favorable to the opposing party. *Marandola* v. *Hillcrest Builders, Inc.*, 102 R.I. 46, 227 A.2d 785 (1967). At issue in this appeal then is whether, given the fact that there is no material issue that the release was executed, as a matter of law such a release compels entry of judgment for defendants. With reference to the

claims of Diago, we believe it does not, while with reference to the claims of Marion we believe that it does.

The plaintiffs conceded at oral argument that the general release clause in the agreement discharged the liability of *all* persons and corporations. Thus there is no issue before us as to whether such general clauses are valid to release unnamed persons who are not parties to the release and indemnity agreement. The sole issue we address is whether a release executed by a parent in settlement of all possible causes of action of a minor child arising out of a named event is binding upon the minor.

A release in a personal injury case is a contract. We have stated that persons of legal age and capacity must stand by any covenants they enter in effectuating a release. *Boccarossa* v. *Watkins,* 112 R.I. 551, 313 A.2d 135 (1973). We are called upon, however, to determine whether a person not of legal age can be bound by covenants in a release entered on his behalf by one of his parents.

As a general rule a parent cannot compromise or release a minor child's cause of action absent statutory authority. *Burge* v. *City and County of San Francisco,* 41 Cal. 2d 608, 262 P.2d 6 (1953). *See also Gordon* v. *Agaronian,* 10 Misc. 2d 650, 171 N.Y.S.2d 131 (1957); *Sell* v. *Hotchkiss,* 264 N.C. 185, 141 S.E.2d 259 (1965).

Our statute relating to the authority of a parent to release the claims of a minor child, G.L. 1956 (1969 Reenactment) §33-15-1(a), provides:

> "A release given by both parents or by such parent or guardian as has legal custody of a minor child * * * shall, where the amount of such release does not exceed one thousand dollars ($1,000) in value, be valid and binding upon such·minor."

This language expressly validates only those releases that do not exceed $1,000 in value. In the instant case, the amount of the release with respect to Diago was $28,000, well over the

statutory limit. The legislative intent in §33-15-1(a) as to releases in excess of $1,000 is not clear.

This court has, however, articulated that the rights of a minor are subject to the supervision of the court and must be protected by it. *Keenan* v. *Flanagan*, 50 R.I. 321, 147 A. 617 (1929). The usual procedure for affording such protection is for the court to appoint a guardian ad litem. *Zinni* v. *Zinni*, 103 R.I. 417, 238 A.2d 373 (1968). The guardian ad litem cannot disadvantage the minor by waiving any substantial rights the latter might enjoy. *Keenan* v. *Flanagan, supra.*

An examination of the record in this appeal reveals that while the settlement in the original action instituted by Diago through his parent and best friend, Marion, and by Marion on her own behalf, was approved by the court, nevertheless the subsequent release was not approved by the court. Nor as we have noted above is there any express statutory authority in §33-15-1(a) for a parent to execute such a release in excess of $1,000. Additionally, Marion did not purport to execute the release as guardian ad litem of Diago.

We are concerned in this matter with protecting the interests of the minor, Diago. In that respect, the rule we ennunciate is that where the purported release of a minor by his parent involves a sum in the excess of the $1,000 amount that limits the scope of §33-15-1(a), in order to make the release valid and binding as to the rights of the minor it must be executed on the minor's behalf by a court-appointed guardian ad litem and approved by a court.

In addition to the claim of Diago for pain and suffering, the action instituted below also involved a claim by Marion for medical expenses. Thus there is a question as to whether the release, which we have held to be invalid as to the rights of Diago, is a valid bar to the claims of Marion. We believe that it is. As we stated earlier, a release is a contract and persons of legal age should be required to honor any covenants they agreed to in accepting the terms of the release. Consistent with this is the prevalent view that whereas a parent

may not compromise his child's cause of action absent express authority to do so, either under a statute or by approval of the court, a parent may settle any claim he possesses that results from a compensable injury to his child. *See Meyer's Administrator v. Zoll,* 119 Ky. 480, 84 S.W. 543 (1905). Under the view we adopt today, a release executed by a parent pursuant to such a settlement may bar the parent from pursuing any claim he may have had that was attributable to his child's injury.

We thus conclude that the trial justice erred in granting the motions for summary judgment insofar as he ruled that the release was as a matter of law a defense to Diago's claim. We also conclude that the release was a bar to the claim of Marion, and therefore that as to her the motions for summary judgment were properly granted by the trial justice.

The plaintiff's appeal is affirmed in part and denied in part, the judgments appealed from are affirmed as to plaintiff Marion Julian and reversed as to plaintiff Diago Julian,[1] and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

*Pucci & Goldin, Samuel A. Olevson,* for plaintiff.

*Carroll, Kelly & Murphy, Dennis S. Baluch,* for defendant.

---

[1]This decision does not affect the terms of the court-approved settlement between the plaintiffs and Muriel Reynolds and Pierre Bouchard.