HUGH J. REYNOLDS, Individually and as Parent of MAUREEN P. REYNOLDS, an Infant, Respondent, v MORKA ENTERPRISES, INC., Respondent, and BARKERS OF ELMIRA, INC., Appellant.

NATIONAL PRESTO INDUSTRIES, INC., Third-Party Plaintiff-Appellant, v MICHAEL REYNOLDS, Third-Party Defendant-Respondent.

Third Department, August 7, 1981

APPEARANCES OF COUNSEL

*Buck, Gleckner, Danaher & Harpending (John Ryan* of counsel), for Barkers of Elmira, Inc., appellant.

*Davidson, Burns & O'Mara, P. C. (John F. O'Mara* of

counsel), for National Presto Industries, Inc., third-party plaintiff-appellant.

*DeFilippo Brothers (Frederick J. DeFilippo* of counsel), for Hugh Reynolds, respondent.

OPINION OF THE COURT

MAIN, J. P.

On June 27, 1977, the infant plaintiff Maureen P. Reynolds, almost four years old, suffered extensive burns with consequent scarring and possible long-range problems as a result of an accident which occurred in a concession stand at a playground and park in the Town of Elmira. The stand was operated by defendant Morka Enterprises, Inc. (hereinafter Morka), a business owned by the infant plaintiff's family and principally by her father, who is one of the named plaintiffs. At the time in question the infant's brother, third-party defendant Michael Reynolds, was in charge of the stand.

The circumstances surrounding the accident were that a deep fryer was in use in the stand and an extension cord was left hanging between the stove upon which the fryer was sitting and a freezer adjacent to the stove. When the infant entered the stand unnoticed through a door which had been left open, she became entangled in the cord, thereby causing the deep fryer to overturn and the hot grease which it contained to spill over her.

As a result, in October of 1978, plaintiffs instituted negligence and breach of warranty actions against Morka, against defendant National Presto Industries, Inc. (hereinafter Presto), the alleged manufacturer and wholesaler of the deep fryer, and against Barkers of Elmira, Inc. (hereinafter Barkers), from whom Morka allegedly bought the fryer. Each of the defendants then denied its culpability and cross-claimed for contribution, and in August of 1979 Presto instituted a third-party impleader action for contribution against Michael Reynolds, who also denied his culpability.

Subsequently, plaintiffs, Morka and Michael Reynolds entered into a stipulation wherein it was provided that defendant Morka would pay plaintiffs $100,000 plus a sum

not to exceed $50,000, the additional sum to equal the amount necessary to make plaintiffs' total recovery against all defendants at least $150,000. It was additionally agreed that plaintiffs would reserve their claims against Presto and Barkers and continue their actions against Presto and Barkers to final judgment absent a contrary agreement between plaintiffs and Morka.

With these circumstances prevailing in June of 1980, plaintiffs served an order to show cause on the defendants and the third-party defendant ordering them to show cause why a proposed infant's compromise order should not be made encompassing the stipulated settlement into which plaintiffs had entered with Morka and Michael Reynolds. Following a hearing on this matter, the court granted plaintiffs' request for a compromise order which, *inter alia*, authorized the infant's father to settle the infant's cause of action against Morka and Michael Reynolds for not more than $150,000, ordered Morka to pay plaintiffs $100,000 presently, empowered the infant's parents to execute a general release releasing Morka and Michael Reynolds from any liability to plaintiffs, discontinued plaintiffs' actions against Morka, discontinued any cross claims by Morka against the other defendants and by the other defendants against Morka, discontinued the third-party action by Presto against Michael Reynolds and provided that plaintiffs apply to the court for payment of any additional sum owed them by Morka, as provided in the stipulation, such application to be made upon the entry of a final judgment in the actions against Presto and Barkers. A further stipulation included in the order was that the amount of the judgment against either or both Presto or Barkers be determined as if Morka and Reynolds had paid the sum of $150,000 to plaintiffs and, significantly, there was excluded from the order the provision of the settling parties' stipulation to the effect that plaintiffs would continue their actions against Presto and Barkers to final judgment unless both plaintiffs and Morka agreed to discontinue the actions earlier. The present appeals by Barkers and Presto ensued.

Initially, we hold that the order does not violate subdivision (c) of section 15-108 of the General Obligations Law by permitting defendant Morka to obtain a release

while simultaneously retaining a right of contribution from Presto and Barkers. The express terms of the compromise order discontinue Morka's contribution cross claims against Presto and Barkers, and this fact plainly voids the possibility of Morka asserting any direct claim for contribution against Presto and Barkers (see *Mielcarek v Knights*, 50 AD2d 122).

Similarly, even though Morka's payment to plaintiffs under the order could be any amount between $100,000 and $150,000, depending on the size of plaintiffs' recovery from Presto and Barkers, such a provision does not mean that Morka is indirectly obtaining contribution from Presto and Barkers. For purposes of a reduction of their liability to plaintiffs pursuant to subdivision (a) of section 15-108 of the General Obligations Law, Presto and Barkers will get the benefit of a full $150,000 reduction no matter what amount Morka ultimately pays plaintiffs, and under no circumstances will Presto and Barkers be obligated to pay plaintiffs more than their equitable share of the verdict.

The nonsettling defendants' remaining challenges to the order are likewise lacking in substance. Third-party defendant Michael Reynolds has not been given his release without consideration because, as the price of his release, he has relinquished his contribution rights (General Obligations Law, § 15-108, subd [c]; McLaughlin, Practice Commentary, McKinney's Cons Laws of NY, Book 23A, General Obligations Law, § 15-108, p 719). Moreover, the effect of the order is not an assignment of plaintiffs' claims to Morka in violation of public policy as set forth in section 489 of the Judiciary Law. Plaintiffs will retain the full benefit of any recovery against Presto and Barkers, and no money will flow from Presto and Barkers to Morka in the event of such a recovery.

We would further note that the court properly excluded from the compromise order the provision of the settling parties' stipulation whereby plaintiffs' actions against Presto and Barkers were not to be discontinued without the consent of Morka. This provision is unenforceable because it was not included in the compromise order (CPLR 1207; cf. *Valdimer v Mount Vernon Hebrew Camps*, 9 AD2d 900,

affd 9 NY2d 21) and Morka completely terminated its rights and liabilities in the actions by entering into the settlement with plaintiffs *(McDermott v City of New York, 50 NY2d 211)*.

Lastly, although we affirm the order appealed from insofar as it goes, we nonetheless conclude that a further provision is required for the protection of the infant plaintiff. The necessary provision must direct Morka or its representative to post security guaranteeing payment to plaintiffs of an amount up to $50,000 should it subsequently develop at the conclusion of the actions against the non-settling defendants that, under the terms of the order appealed from, Morka is liable to plaintiffs for an additional sum of money.

The order should be modified, on the law and the facts, by adding thereto a provision directing Morka Enterprises, Inc., or its representative to post security in accordance with this decision, and, as so modified, affirmed, with costs to respondents filing briefs.

CASEY, MIKOLL, YESAWICH, JR., and WEISS, JJ., concur.

Order modified, on the law and the facts, by adding thereto a provision directing Morka Enterprises, Inc., or its representative to post security in accordance with this decision, and, as so modified, affirmed, with cost to respondents filing briefs.