■ RICHARD BACA et al., Appellants, v HRH CONSTRUCTION CORP., Respondent and Third-Party Plaintiff-Respondent. MEADOW MECHANICAL, INC., Third-Party Defendant-Respondent. [607 NYS2d 21] —Order, Supreme Court, New York County (Joan Lobis, J.), entered August 13, 1992, which, insofar as appealed from, granted third-party defendant's motion to dismiss third-party plaintiff's claim for contribution against it, unanimously affirmed, with costs.

The IAS Court properly determined that the pre-verdict "high-low" agreement between plaintiffs and third-party plaintiff general contractor, by which third-party plaintiff guaranteed plaintiffs a minimum payment of $400,000 in exchange for plaintiffs' promise not to enforce any judgment in excess of $800,000 against it, was a release within the meaning of General Obligations Law § 15-108 barring any claim for contribution by third-party plaintiff against third-party defendant *(see, Williams v Niske,* 81 NY2d 437, *affg* 181 AD2d 307; *Reynolds v Morka Enters.,* 82 AD2d 199, *lv denied in part and dismissed in part* 55 NY2d 857), notwithstanding that the agreement did not contain an express statement of release *(see, Gonzales v Armac Indus.,* 81 NY2d 1). Moreover, plaintiffs are not aggrieved parties (CPLR 5511) with standing to appeal from the dismissal of the third-party claim for contribution against the injured plaintiff's employer *(see, Rogers v Huggins,* 106 AD2d 621, 622). Since third-party plaintiff's right to contribution could not arise until it had actually paid more than its equitable share of plaintiffs' damages *(see, Klinger v Dudley,* 41 NY2d 362), and since, by reason of its settlement with plaintiffs, third-party plaintiff's liability to plaintiffs was limited to an amount less than its equitable share as determined by the jury, third-party plaintiff's purported assignment of its claim for contribution to plaintiff was a nullity, there being no claim to assign. And even if there were a claim to assign, we question whether the exclusivity provisions of the Workers' Compensation Law could be circumvented in this way *(see, Gonzales v Armac Indus., supra,* at 8-9).

We have reviewed plaintiffs' other arguments and find them to be without merit. Concur—Murphy, P. J., Rosenberger, Ross, Rubin and Williams, JJ.