JOSEPH GIVARDI *vs.* JUVENILE COURT OF THE SIXTH JUDICIAL DISTRICT.

JUNE 29, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEETLAND, C. J. This is a petition for a writ of mandamus to be directed to the juvenile court of the sixth judicial district commanding said court to certify to the Superior Court the proceedings in said juvenile court against Joseph Givardi wherein it is represented that said Joseph Givardi "is a wayward child and requires the care and protection of the State."

After citation returned, the petition was heard before this court. It appears that after hearing in said juvenile court Joseph Givardi, a minor, was adjudged to be a wayward child and was ordered committed to the Sockanosset School for Boys during his minority or until he be released or discharged from said school by said juvenile court or by the board of State charities and corrections or by due order of law.

From this adjudication said Givardi has claimed an appeal to the Superior Court and has requested said juvenile court to certify the cause to the Superior Court for trial before a jury. This the respondent juvenile court has refused to do on the ground that under the statute no appeal lies to the Superior Court from the adjudication of the juvenile court.

The sole question presented by this petition is as to whether in said statute it was the legislative intent of the general assembly to confer final jurisdiction upon juvenile courts in proceedings to be brought before that court.

The general purpose of the act is plain.  It was intended to humanely deal with minors of the ages specified in the act, who have violated some ordinance of a city or town or who have committed an offense against the laws of the State or who from various specified causes are tending towards an immoral, vicious or criminal life.  The aim of the act is to treat such minors, not as criminals but as wards of the State. The legislative intent as to such children is comprehensively expressed in Section 22 of the act as follows:  "Section 22. This chapter shall be liberally construed in order that the care and custody and discipline of the child shall approximate what should be given by its parents, and that, as far as practicable, a delinquent or wayward child shall be considered not as a criminal, but as misguided and in need of encouragement and assistance."  The act has various provisions intended to aid in the accomplishment of its benevolent purpose.  It provides for the separation of such children from adult criminals in their custody and also in the hearings before the court.  The act in various ways seeks to guard the child against the stigma attaching to criminal proceedings.  When formally brought before the juvenile court it is not upon a complaint charging a criminal offense.  A new status has been created by the act either of "delinquency" or of "waywardness," and if such status is established to the satisfaction of the court, the court will so adjudge, but there is no conviction of guilt and by Section 15 such adjudication is made a "bar to any and all criminal proceedings against such child for any act or conduct disclosed by the petition upon which such child has been adjudged delinquent or wayward."

There is no provision in the act for appeal to the Superior Court.  This petitioner claims, however, that he is within the general provisions of Section 1, Chapter 346, General Laws 1923, providing that every person aggrieved by the sentence of any district court for any offense may appeal therefrom to the superior court.  It may be said that the general assembly has provided with great care that a child

·adjudged to be delinquent or wayward is not one charged with an "offense" and that he has not been "sentenced." Furthermore it appears to us conclusively that all proceedings provided for in this elaborate plan relate solely to cases in the juvenile courts of the various districts, and are inconsistent with statutory provisions as to criminal proceedings in the Superior Court. It would be in conflict with the purpose of the act if, after guarding the child in all the proceedings in the juvenile court, such protection should be cast aside upon appeal taken to the Superior Court and the case be there treated as an ordinary criminal appeal. It is provided in Section 10 of the act that "the jurisdiction of a juvenile court over a delinquent or wayward child ·shall continue during the minority of the child, or until such time during its minority as the child may be discharged by the court, but nothing in this chapter shall be so construed as to prohibit the bringing of criminal proceedings against any such child who upon reaching the age of sixteen years or after commits an offense against the laws of the state, and upon conviction of such offense the jurisdiction of the juvenile court over such child shall cease and determine."

We are of the opinion that the juvenile court of the sixth judicial district was correct in the construction that it placed upon the act, and that no appeal lies from the adjudication of that court that said Givardi is a wayward child. The petiton is denied and dismissed.

*Morris S. Waldman,* for petitioner.

*Herbert E. Ecklund, Francis D. McManus, Asst. City Solicitors,* for respondent.