VICTOR ALBINIANO FOR WRIT OF HABEAS CORPUS.

MAY 31, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J.   Petition by Victor Albiniano for writ of *habeas corpus.* The petitioner, who is now confined in state's prison, contends that he is illegally detained therein and wrongfully deprived of his liberty and prays for his release.

He alleges in his petition, among other things, that on March 28, 1934, he was arraigned before the superior court upon two separate indictments, each charging him with the crime of breaking and entering in the nighttime a certain shop and committing larceny therein.  To these indictments he eventually pleaded *nolo contendere.*  Sentence was then deferred and he was released on bail.  Thereafter, on July 13, 1937, the petitioner was again brought before the superior court on the same indictments by reason, as the state then urged, of his having violated the terms upon which his sentence had theretofore been deferred, and he was on said date in July sentenced upon each of said indictments to be imprisoned in state's prison for ten years, said sentences to run consecutively.  The correctness of the above allegations is not denied by the state.

Further, it is not disputed that in the indictments in question the petitioner was charged with having committed the offenses involved on January 5 and January 12, 1934, respectively.  One of said indictments was returned to the superior court March 26, and the other March 27, 1934 by a grand jury which had been convened by that court on March 5, 1934.  One of these indictments was a secret in-

dictment, and was the first proceeding taken by the state in connection with the prosecution of the petitioner for the offense charged therein. In regard to the other indictment, it appears that the alleged crime which the petitioner was accused of committing came before the grand jury for its consideration because the petitioner had previously been arrested on a complaint and warrant soon after the date of the offense set out therein, and prior to February 11, 1934, and had been arraigned before a district court and adjudged by it to be probably guilty as charged and bound over under bail to await the action of said grand jury.

As a basis for his contention that he is now entitled to be released from custody, the petitioner sets out in his petition that at the time when the acts for which he was subsequently indicted and sentenced were alleged to have been done by him he was under the age of sixteen years, and urges, therefore, that the superior court did not have jurisdiction over him, and that the indictments in question were illegally returned by the grand jury and are void.

As proof of his age the petitioner submitted a certified copy of the record of births in a certain town in Italy showing that he was born there on February 11, 1918, thus becoming sixteen years of age on February 11, 1934. The state does not contest the accuracy of this certificate, and does not seriously dispute his claim that he was under sixteen years of age at the time the offenses in question were allegedly committed by him.

The general statutory provisions in regard to juvenile courts and the case of delinquent and wayward children are found in G. L. 1923, chap. 404. The first section of said chapter as amended by P. L. 1928, chap. 1226 reads in part as follows: "This chapter shall apply to all delinquent, wayward, dependent and neglected children. The term 'delinquent' for the purposes of this chapter shall mean and include any child under sixteen years of age who has violated any city or town ordinance, or has committed an offense

against the laws of the state, unless such offense be murder or manslaughter .... The provisions of this chapter shall apply to any such child who is within the above prescribed age limits *at the time a petition is filed against him* as hereinafter provided, notwithstanding such child may be over such age limits after the filing of any such petition, and during the hearing thereon." (italics ours)

Section 2 of said chapter as amended by P. L. 1926, chap. 860 contains the following language: "The district courts of the several judicial districts of the state shall have and exercise within their respective districts, original jurisdiction of all cases arising under this chapter, and when sitting in the exercise of such jurisdiction each such district court shall be known and referred to as the 'juvenile court' of its respective district. *Hereafter no proceeding either by complaint or indictment shall be had against any child under sixteen years of age for the violation of a city or town ordinance, or for an offense against the laws of the state, except such offense be murder or manslaughter, until after a petition has been filed in a juvenile court against such child as a delinquent on account of such violation or offense, and such petition has been dismissed by such court.*" (italics ours)

Section 9 of said chapter as amended by P. L. 1926, chap. 860 states: "But if the court shall be of the opinion from the evidence presented that the child is a delinquent or wayward child within the meaning of this chapter, the court may adjudge such child a delinquent or wayward child as the case may be, and shall proceed as hereinafter provided: *Provided, however,* that if in any case, . . . it shall appear that such child was beyond the age limits prescribed in section one of this chapter, *when the petition was filed against it,* then and in such case the court shall dismiss the petition, and such proceedings may then be taken against such child, as might have been taken in the first place, if this law had not been enacted." (italics ours)

The petitioner contends that, under the statutes above referred to, if it appears that an offense has been committed by one then under sixteen years of age, with certain exceptions not pertinent here, that child, regardless of its age when proceedings are first begun against it, must be taken before the juvenile court; and that no other court has jurisdiction to entertain a valid and legal proceeding against such child in the first instance. The state disputes this contention, and maintains that, under said statutes, the age of sixteen years relates to the time when the proceedings in question are commenced, and that it is not necessary or, in fact, proper to proceed in a juvenile court if the accused is over sixteen years of age at the time said proceedings are started. The state, therefore, urges that, on the facts appearing herein, this petition should be denied and dismissed.

We are of the opinion that the state's position in regard to the proper construction to be placed upon the statute in question is in general sound. The act in relation to juvenile courts and the care of delinquent children must be read as a whole. When so considered, it seems clear that it is the legislative intent that, in determining whether a child comes under the provisions of the act by reason of its age, the material and controlling issue is whether the child is under sixteen years at the time proceedings against it are first taken. If at that time the child is under sixteen years of age, proceedings against such child as a delinquent, subject to the exceptions specified in the act, must be taken in the juvenile court. However, if the child is sixteen years of age or over at that time, then such child may be charged with an offense in the same manner as an adult offender.

We are led to this conclusion after an examination of the pertinent sections of the statute. As above set out, the first part of section 1 of the chapter in question, as amended, defines in general terms what is meant by the term "delinquent"; but does not in that portion of the section definitely set out the time from which the age of sixteen years is to

be computed, nor the method of procedure to be followed under the act. The latter part of section 1, however, makes it absolutely clear that the provisions of the chapter apply only to a child who is under sixteen years of age at the time when a petition is filed under the act against such child.

Section 2 of the same chapter, as amended, is phrased negatively. In substance it provides that, until after a petition has been filed in a juvenile court and dismissed by that court, no proceeding either by complaint or indictment shall be had against any child under sixteen years of age. In our judgment, there is a reasonable and necessary implication from the language there used, particularly in view of the provisions of secs. 1 and 9 of said chapter, that a complaint or indictment is properly brought if a child is over sixteen years of age at the time such complaint or indictment is had against it as an original proceeding, even though the child may have been under sixteen years of age at the time when the offense with which the child is charged was committed.

Further, in our opinion, the above implication is given substantial support by the terms of sec. 9, as amended, of said chapter. This section makes it mandatory upon the juvenile court to dismiss a petition filed under said chapter if the child was sixteen years of age *when the petition was filed against it*. The section then specifically provides that in such a case proceedings may be taken against such child as might have been taken if the law in question had not been enacted.

In view of all these provisions of the statute we do not find that the legislature intended, when a child under sixteen years of age had committed an offense but was not proceeded against therefor until after it had reached that age, that such child should entirely escape any prosecution in any court, a result which might follow if the position taken by the petitioner herein was sustained; or that the state, as a prerequisite to proceeding, by way of complaint or indictment, against a child known to be sixteen years of

age or over, must file a petition in a juvenile court against such child and have such petition dismissed so that the child might be proceeded against by way of complaint or indictment.

The construction which we have placed upon the sections of the statute involved herein, as they relate to the time at which the age of an alleged offender is reckoned in connection with procedure taken under the statute, has been adopted by courts in other jurisdictions which have acts of a generally similar character to the one now before us. See *State* v. *Dunn,* 75 Kan. 799; *Watson* v. *State,* 90 Tex. Crim. Rep. 576. The underlying intent in statutes of this type is adjudged to be the desire to prevent children under a certain age from being considered as criminals, and from being so dealt with that they become associated with those experienced in the ways of crime. Hence, the time at which proceedings against such children are instituted becomes decisive and the child's age at that time is held to be controlling on the question of whether or not the child comes within the provisions of the statute.

The state also urges that the petitioner waived any right he may have had to attack the validity of the indictments on the ground of his age, because he permitted himself to be arraigned before the superior court on said indictments and voluntarily pleaded thereto, without then raising any question regarding his age. The state's contention in this connection is supported by authority which rests, in substance, on the theory that, while one under a certain age may have a legal right to be proceeded against in a juvenile court when accused of crime, yet such right may be waived, under the proper circumstances, by the conduct and acts of the accused; and he may consent to stand trial and take sentence in the same manner as an adult. See *Fifer* v. *State,* 90 Tex. Crim. Rep. 282.

Granting that the above holding as to waiver is the law in certain other jurisdictions, we find ourselves unable to

adopt such holding because of our view of the meaning and intent of the statute we now have under consideration. We construe our statute providing for juvenile courts and the care of delinquent children as establishing certain jurisdictional limitations and requirements, and not merely personal rights or privileges in favor of a juvenile, which the latter may waive or not as he desires. Jurisdiction in proceedings such as are involved herein cannot be conferred on the superior court by the conduct of the accused minor, but depends upon the proper construction of the statute as applied to the facts then before the court. We find, therefore, that this contention advanced by the state, that the petitioner by his conduct waived certain rights, has no application in the present case.

In view of the conclusions reached by us, we hold that the secret indictment, so called, returned against the petitioner by the grand jury on March 26, 1934 was a valid indictment. It was an original proceeding, in so far as the offense charged therein was concerned, and on said date the petitioner was sixteen years of age. It follows, therefore, that the superior court had jurisdiction of the petitioner as to the offense in question; that the arraignment and sentence on said indictment in that court were valid and legal; and that the petitioner is not entitled to be released by a writ of *habeas corpus* from state's prison where he is serving sentence.

A more difficult question is raised concerning the validity of the other indictment. It seems clear that the proceeding taken by way of complaint and warrant against the petitioner in the district court, involving his arrest, was illegal, since at that time he was under the age of sixteen years. This proceeding led directly to the finding of the indictment now under consideration, as the petitioner was adjudged probably guilty by the district court, and bound over under bail to await the action of the grand jury on the charge under which he was being held.

It is true that at the time when the indictment was actually returned by that body and the petitioner was arraigned in the superior court he was sixteen years of age. However, upon consideration, we are of the opinion that, under the facts and circumstances of the present case, such action as was taken by the grand jury and the superior court against the petitioner, in connection with the indictment in question, was so closely related to and connected with the proceeding which started against him in the district court by complaint and warrant, and which led up to and culminated in the return of said indictment and his arraignment and sentence thereon, that the entire proceeding comes within the purview of the statute under consideration, and in particular sec. 2 thereof.

Such being the case, we find that such proceeding actually started against the petitioner, within the meaning of said statute, in the district court at a time when he was under the age of sixteen years, and thus should have been taken in the juvenile and not in the district court. Under our construction of the statute involved, and in view of the facts appearing herein, the only court, prior to February 11, 1934, which had jurisdiction over the petitioner, and in which proceedings could properly be had against him, was the juvenile court. The proceeding in question being illegal from the start, as it related to the petitioner, remained so to its conclusion, including the finding of such indictment by the grand jury and his arraignment and sentencing thereon.

We are of the opinion, therefore, that the petitioner is being illegally detained by the state, in so far as he is being held under the sentence imposed by the superior court under the indictment just above referred to, *viz.*, No. 17197, which is void; but as hereinbefore indicated, we find that the sentence and commitment under the other indictment, *viz.*, No. 17198, are valid. We are also of the opinion that

438

the petitioner began service of his term of imprisonment under the latter indictment on July 13, 1937.

Further, in our judgment, appropriate proceedings should be had in the superior court to clear the record therein relating to indictment No. 17197.

The prayer of the petition is denied.

*Benjamin Cianciarulo,* for petitioner.

*John P. Hartigan,* Attorney General, *John H. Nolan,* Asst. Attorney General, for state.