210 A.2d 577.

STATE *vs.* BARRY D. COOK.

MAY 28, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

ROBERTS, J. This is an appeal from the final decree of the family court brought in this court under the provisions of G. L. 1956, §14-1-52, by the respondent, who therein was adjudged to be a delinquent and committed to the custody of the department of probation. The grounds of appeal as set out by the appellant are that the family court erred in overruling his demurrer to the petition to adjudge him a delinquent and in finding that he was a delinquent.

The record discloses that on October 29, 1964 a petition filed in the family court pursuant to the provisions of §§14-1-11 and 14-1-12 alleged that in the petitioner's opinion the respondent was a wayward child in that "on the 31st day of August A.D. 1964, the said child did operate an automobile in a southerly direction on Newport Ave. without lights; and on October 17, 1964, he did operate an automobile in a northerly direction on Newport Avenue at a clocked speed of 50 miles per hour." After a hearing thereon a justice of the family court found that the respondent did operate a motor vehicle in the manner charged in said petition and stated: "Consequently, it is hereby adjudged

and decreed that the respondent is a delinquent." The court thereupon placed him on probation "under the custody of the probation department * * *." It is from this decree that the instant appeal has been prosecuted to this court.

The respondent's demurrer to the petition to adjudge him wayward attacks the sufficiency thereof on the ground that the operation of the motor vehicle in the manner charged therein does not charge him with the commission of a crime and that the petition fails to comply with the requirements for charging an offense in a criminal complaint. These contentions disclose a basic misconception on the part of respondent concerning the purpose of this legislation creating a special jurisdiction to adjudge a child wayward or delinquent now conferred on the family court. The legislature, in creating that jurisdiction, intended to preclude in the prescribed circumstances attaching criminal responsibility to juvenile offenders for the doing of the criminal act and thereby to protect a child under the prescribed age by adjudging him a wayward or delinquent child rather than entering a judgment of conviction on the criminal complaint.

In *Albiniano for Writ of Habeas Corpus*, 62 R. I. 429, this court recognized the legislative intent to immunize the child against criminal responsibility when, with reference to the time when proceedings thereunder are first taken, it said at page 433: "If at that time the child is under sixteen years of age, proceedings against such child as a delinquent, subject to the exceptions specified in the act, must be taken in the juvenile court. However, if the child is sixteen years of age or over at that time, then such child may be charged with an offense in the same manner as an adult offender."

The legislation we are considering was enacted for the specific purpose of ameliorating the catastrophic consequences of the imposition of sanctions on juveniles who

offend against the criminal law as if they were adult offenders. The irretrievable loss in social resources of the community that followed imprinting juveniles with the stigma of criminality impelled the legislature to act in this manner to conserve a vital public interest. The legislation generates its own precept and is neither declaratory of the common law nor in derogation of any rule thereof. It reflects the growth of a legislative policy that the community should be relieved of the social and economic losses in human resources that followed the degradation of youthful offenders whom society in more profligate times rejected as being beyond rehabilitation.

In *Givardi* v. *Juvenile Court*, 49 R. I. 336, this court considered the effect of adjudging a child to be wayward and requiring the care of the state under this legislation as it was then promulgated. This court noted that the purpose of the act was to deal intelligently with minors who had violated some ordinance or statute or who, for specified reasons, tended to an immoral, vicious, or criminal life. The aim of the act, the court said, "is to treat such minors, not as criminals but as wards of the State." The court then went on to note that the act provided for an effectuation of its benevolent purposes in that it provided for the separation of child offenders from adult offenders, both as to trial and as to custody. At page 337 of the opinion this court said: "The act in various ways seeks to guard the child against the stigma attaching to criminal proceedings. When formally brought before the juvenile court it is not upon a complaint charging a criminal offense. A new status has been created by the act either of 'delinquency' or of 'waywardness,' and if such status is established to the satisfaction of the court, the court will so adjudge, but there is no conviction of guilt * * *."

It frequently has been asserted that because adjudications of delinquency must rest upon the commission of acts

by juveniles that, if committed by adults, would be deemed criminal, the determination of delinquency in such cases is a criminal proceeding. This view was rejected conclusively in *In re Lewis*, 11 N. J. 217. In that case the court said at page 224: "It is true that the statutory policy for the treatment of juvenile offenders is directed to their rehabilitation for useful citizenship through reformation and education and not to their punishment even when the offense underlying the adjudication of juvenile delinquency is of a kind which when committed by an older person would merit indictment, conviction and punishment." The language above referred to is persuasive that adjudications of delinquency do not partake of the character of criminal prosecutions. The family court, therefore, in adjudging a child delinquent or wayward, may rely upon a petition that charges the juvenile with conduct that is prescribed in the statute as a ground for the establishment of delinquency or waywardness, and, in our opinion, such petition need not allege the conduct on which the adjudication would of necessity rest with the precision and certainty required in a criminal complaint. We are then of the opinion that the family court properly overruled respondent's demurrer.

The respondent prosecuted also an appeal from the decree adjudging him a delinquent. As we understand him, respondent contends that in so doing the family court erred as a matter of law in that the conduct upon which the adjudication would of necessity rest alleged a violation of an ordinance relating to the operation of motor vehicles and that the pertinent statutory provisions, §§14-1-3 F. and 14-1-3 G. 6., specifically except from the grounds upon which such adjudications may be based "ordinances relating to the operation of motor vehicles." This contention could well raise a substantial question as to the jurisdiction of the family court to adjudge respondent a delinquent. Jurisdiction to so act is entirely statutory, and compliance with

the terms thereof is mandatory. Such adjudications are not to be lightly made, and an assumption of jurisdiction in the premises by the court will in appropriate circumstances be scrutinized most carefully. In the circumstances of the instant case, however, the neglect of respondent to bring up a transcript of the testimony adduced at the hearing before the family court makes it impossible for us to pass upon this question.

Without having before us a transcript of such testimony, it is clear that we could not ascertain the nature and character of the evidence upon which the family court undertook this exercise of the jurisdiction conferred upon it and proceeded thereunder to adjudge respondent a delinquent. The operation of motor vehicles at excessive speeds and without proper lighting equipment are matters that are within the purview of our statutes, particularly the pertinent provisions of G. L. 1956, chaps. 14 and 24 of title 31. Evidence from which the court could reasonably find that respondent's conduct was violative of the pertinent provisions of such statutes would obviously suffice to support the jurisdiction of the family court to make the adjudication here under consideration. It is settled that findings made by a justice of the family court are entitled to great weight on review in this court and will not be disturbed unless shown to be clearly wrong. *Browning* v. *Browning,* 89 R. I. 415. The burden of establishing that the justice of the family court was clearly wrong in making such findings is on the appellant, and that burden has not been met in this case.

The contention of the respondent that the court erred in adjudging him a delinquent because the petition prayed that he be adjudged a wayward child is utterly without merit. A cursory examination of the petition discloses that it alleges that the respondent is a wayward child "or otherwise comes within the provisions of" the pertinent statute.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the family court for further proceedings.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Counsel, for State.

*Aram K. Berberian,* for respondent.