212 A.2d 61.

IN THE MATTER OF PAUL PALMER.

JULY 15, 1965.

PRESENT: Roberts, Paolino, Powers and Joslin, JJ.

POWERS, J.   This is a petition for certiorari seeking to quash a decree of a family court justice requiring the petitioner to surrender the custody of her minor son to Anthony E. Ricci, administrator, Child Welfare Services.   We issued the writ and in compliance therewith the records in the cause were duly certified to this court.

It appears therefrom that petitioner Pauline Palmer, hereafter called the mother, is a minor who at the age of fifteen years gave birth to a son on September 15, 1960 at which time she was an inmate of the Rhode Island Training School for Girls.   It further appears that on October 18, 1960, the juvenile court, then having jurisdiction, was pe-

titioned by the Child Welfare Services, hereafter called the agency, to have the infant son, Paul, adjudged to be a dependent child within the meaning of P. L. 1944, chap. 1441, sec. 14A, now G. L. 1956, §14-1-5A.

On the same day the petition was heard by a justice of the juvenile court who, on the authority of the cited statute, entered the following decree: " * * * the Court finding that Paul A. Palmer is a dependent child within the provisions of Chapter 1441 of the Public Laws of 1944, it is Ordered and Decreed that he be placed in the custody of Child Welfare Services until further order of the Court."

Pursuant to the terms thereof, the infant Paul was placed in the custody of the agency where he remained until August 19, 1964, when he was returned to his mother. It appears from a somewhat sketchy record that the return of custody was made on an understanding between the mother and the agency and that it would be on a trial basis. In any event, there is nothing in the record to show that this arrangement was sanctioned by the family court to which jurisdiction had been transferred with the creation of that court.

Thereafter on October 23, 1964, the agency made demand on the mother for return of the child. She refused to comply and proceedings were commenced in the family court by said agency.

On January 6, 1965 a hearing was held on the agency's petition for return of custody, and by a decree entered the following day the mother was ordered to return the child to the agency or failing to do so to present herself to the family court on January 13, 1965.

The record does not contain a transcript of the January 6 proceedings but we are advised by counsel that no testimony was offered by the agency, it being satisfied to rest on its petition for the return of the child. This petition is in the record and consists of a mere recital of the juvenile

court decree of October 18, 1960, the voluntary surrender of custody of the agency to the mother on August 19, 1964, and her refusal to comply as requested.

From the resulting decree, the mother on her own behalf and on behalf of her minor son instituted the present proceedings on the ground that the decision of the family court justice constitutes a denial of due process and equal protection of the laws as guaranteed by art. XIV, sec. 1, of the amendments to the United States constitution and a deprivation of their legal rights contrary to the provisions of art. I, sec. 5, of the state constitution.

Specifically they argue that the court erred in failing to appoint a guardian ad litem for each of them at the hearings held October 18, 1960 when the minor Paul was adjudged to be a dependent child and on January 6, 1965 when the court ordered him returned to the custody of the agency. In support of this contention they cite *Keenan* v. *Flanagan,* 50 R. I. 321, 322. There, in an action of trespass on the case for negligence, this court held that the defendant being a minor could not conduct his own defense and it was error for the trial justice not to have granted the defendant's motion for a new trial when the fact of his minority was put on the record prior to the argument. Further, this court held that on being made aware of the defendant's infancy, the trial justice should have appointed a guardian ad litem.

However, it is argued that the family court is vested with special jurisdiction based on the universally accepted principle of parens patriae. In proceedings before that court concerning the welfare of a child, it is argued that by the very nature of the court's jurisdiction the fundamental reasons for the appointment of a guardian ad litem are absent, citing *Givardi* v. *Juvenile Court,* 49 R. I. 336, and cases from other jurisdictions.

Moreover, as we understand it, it is argued that the decree of January 7, 1965 which is the subject of the instant

procedure was proper for the reason that by the terms of the decree of October 18, 1960 legal custody of the minor Paul was in the agency until further order of the court and, no further order having been entered, it follows that the mother has no legal standing.

However, this contention presupposes the validity of the October 18, 1960 decree. It was entered pursuant to the jurisdiction of the juvenile court as reposed therein by the provisions of G. L. 1956, chap. 1 of title 14. Section 14-1-5A expressly confers on the court jurisdiction to determine the alleged status of the infant Paul to be that of a dependent child. In the exercise of this jurisdiction, however, §14-1-29 clearly contemplates the holding of a hearing on a petition addressed to the court alleging such dependency.

Section 14-1-30 provides for the manner in which a hearing shall be conducted and expressly provides for the exclusion of the general public, but authorizes the attendance of an attorney *selected by the parents or guardian of the child*. That this section contemplates the right of a parent to be represented by counsel is fully demonstrated by the provisions of §14-1-31 which are as follows: "Prior to the commencement of any hearing, the judge shall advise the parent or guardian of any child, or the adult involved, as the case may be, that if he is financially unable to engage counsel, he is entitled to the services of the public defender. The public defender shall, at the request of a judge of the juvenile court, appear in said court on behalf of any such person."

It is manifest from the foregoing provisions that in conferring jurisdiction on the court to deprive a parent or lawful guardian of the custody of a minor child found to be dependent and award custody to another, the legislature intended that such jurisdiction should be exercised at a judicial hearing in which the parent or guardian would have the benefit of counsel. This precaution, in our judg-

ment, while recognizing the concern of the court for the welfare of the minor child, represents a basic if not a primary interest in safeguarding the natural rights of a parent when the custody of the child is in issue. Moreover, we are not persuaded that this legislative concern is without significance when the parent is herself a minor.

In the instant cause, the petitioning mother was a minor when her infant son Paul was determined to be a dependent child on October 18, 1960. She was not represented by counsel and, being a minor and not sui juris, could not have availed herself of the protection provided for her by the legislature. To do so it would have been necessary for the court to have appointed a guardian ad litem for her to the end that the statutory safeguards might be invoked. No such appointment was made.

We hold, therefore, that in entering the decree of October 18, 1960, the juvenile court justice acted in excess of his jurisdiction and his action lacked validity. The mother, having legal custody on January 6, 1965, and no proper hearing having been held on that day, it follows that the decree of January 7, 1965 is also without legal meaning.

The petition for certiorari is granted, the decrees of October 18, 1960 and January 7, 1965 are quashed, and the records certified to this court are ordered returned to the family court with our decision endorsed thereon.

*Philip M. Hak,* for petitioner.

*J. Joseph Nugent,* Attorney General, *Francis A. Kelleher,* Assistant Attorney General, for State.