530

No. 23308.

THE PEOPLE OF THE STATE OF COLORADO, EX REL DAVID L. RODELLO, A/K/A BILL GOMEZ; AND HECTOR F. MORALES, A/K/A RUFUS REYES *v.* THE DISTRICT COURT IN AND FOR THE CITY AND COUNTY OF DENVER, AND THE HONORABLE GEORGE M. MCNAMARA, ONE OF THE JUDGES THEREOF.

(436 P.2d 672)

Decided January 22, 1968.

EDWARD H. SHERMAN, PUBLIC DEFENDER in and for the City and County of Denver, DAVID G. MANTER, Assistant for petitioners.

JAMES D. MCKEVITT, District Attorney Second Judicial District, JAMES W. CREAMER, JR., Chief Deputy, for respondents.

*En Banc.*

MR. JUSTICE MCWILLIAMS delivered the opinion of the Court.

THIS original proceeding concerns the Colorado Children's Code enacted into law by the General Assembly

in 1967, the effective date thereof being July 1, 1967. See 1967 Session Laws of Colorado, Chapter 443, at 993. In a sense, then, this is a companion case to *People ex rel. Terrell v. District Court, et al.,* 164 Colo. 437, 435 P.2d 763.

The instant proceeding, however, concerns two children who are each *over* sixteen years of age, but *under* eighteen years of age, namely seventeen, whereas *People ex rel. Terrell* concerned a child *under* sixteen years of age.

The sequence of events giving rise to the present controversy is not in dispute. By direct information filed in the Denver District Court on September 1, 1967 Rodello and Morales were jointly charged in separate counts with commission of the crimes commonly known as assault with a deadly weapon and conspiracy to commit such an assault. C.R.S. 1963, 40-2-34 and 40-7-37. Each of the two crimes thus charged is a felony.

Thereafter both Rodello and Morales, by and through the public defender, filed a motion to dismiss, or in the alternative to transfer the case to the Denver Juvenile Court. In this motion the two defendants, after alleging that they were then *over* sixteen years of age, but *under* eighteen years of age, went on to allege that under the newly enacted Children's Code because of their age the district court had no jurisdiction to thus proceed in the matter, and that under the Code they could only be charged as delinquents in the Denver Juvenile Court.

At this point it might be well to make reference to the particular sections of the Children's Code with which we are here concerned. 22-1-3(3) of the Code defines a "child" as a person under eighteen years of age. 22-1-4(b) then provides that excepting crimes of violence punishable by death or life imprisonment where the accused is sixteen years of age or older, a child, *i.e.,* any one under eighteen, shall *only* be charged with

"commission of a felony as provided in subsection (4) (a) of this section."

The subsection (4) (a), above referred to, then goes on to spell out the only manner in which a child under eighteen may be charged with a felony, excepting, of course, crimes of violence punishable by death or life imprisonment where the accused is over sixteen. That particular section reads as follows:

"When a petition filed in juvenile court alleges that a child sixteen years of age or older committed an act which would constitute a felony if committed by an adult, if, after investigation and a hearing, the juvenile court finds it would be contrary to the best interests of the child or of the public to retain jurisdiction, it may enter an order certifying the child to be held for criminal proceedings in the district court. The hearing required in this subsection shall be held pursuant to the provisions of sections 22-1-7 and 22-3-8."

It was against this backdrop, then, that the Honorable George M. McNamara, one of the judges of the Denver District Court, denied the motion to dismiss filed jointly by Rodello and Morales. The trial judge was apparently of the view that the Children's Code did *not* authorize or permit the filing of the two felony charges against Rodello and Morales. At the same time, however, the trial judge was also of the equally firm view that the various sections of the Code which restricted the right of the district attorney to thus charge these two with a felony was repugnant to Amended Article VI, § 9 of the Colorado constitution. In declaring these particular sections of the Code unconstitutional, the trial judge relied upon *Garcia v. District Court,* 157 Colo. 432, 403 P.2d 215. It was on this basis, then, that the motion to dismiss was denied.

Faced with this turn of events, Rodello and Morales instituted the present original proceeding in this Court, naming as respondents the Denver District Court and the Honorable George M. McNamara, one of the judges

thereof. In this original proceeding we are asked to decree that under the circumstances the respondent court lacks jurisdiction to proceed, and that accordingly the respondent court should have granted the motion to dismiss, without prejudice or the right to institute delinquency proceedings against both Rodello and Morales in the Denver Juvenile Court. We issued a rule to show cause, and the named respondents, by and through the district attorney, have now filed a response thereto.

In their response to the rule to show cause the respondents state that in view of *People ex rel. Terrell,* which decision was announced subsequent to the time the trial court denied the motion to dismiss, "the respondents have no alternative but to advise the Court that the relief prayed for herein should be granted; and that upon the entry and delivery of a suitable order from this Court, the criminal informations pending before the Respondent Court will be dismissed." We agree with the respondents' general analysis of the situation.

▇▇▇ The foregoing sections of the Children's Code indicate quite clearly to us that it was the *expressed intent* of the 1967 General Assembly that a child under eighteen could *only* be charged with the commission of a felony in the manner permitted by the Code itself. Specifically excepting crimes of violence punishable by death or life imprisonment where the accused is sixteen years of age or older, the Code then goes on to spell out the *only* manner in which a child under eighteen may be charged with the commission of a felony in district court, namely, where a petition in de'inquency has first been filed in the juvenile court and the petition alleges that a child sixteen years of age or older committed an act which would constitute a felony if committed by an adult. In such circumstance, if the juvenile court, after investigation and hearing, finds it would be contrary to the best interests of the child or of the public to retain jurisdiction, *then* the juvenile court may enter an order certifying the child to be held for criminal

proceedings in the district court. And according to the mandate of the 1967 General Assembly this is the *only* way a child under eighteen years could ever be charged with a felony in district court, excepting, of course, crimes of violence punishable by death or life imprisonment where the accused is sixteen years of age or older.

As indicated above, in this regard the respondent judge agreed with our analysis of the Code. However, the respondent judge, relying upon *Garcia v. District Court,* held these particular sections of the code were in conflict with Amended Article VI, § 9 of the Colorado constitution vesting original jurisdiction in the district court in all *criminal cases.* We hold, however, that the various sections of the Code with which we are here concerned do *not* conflict with Amended Article VI, § 9 of our constitution and in support of this determination see *People ex rel. Terrell v. District Court, et al.* Suffice it to say here that in *People ex rel. Terrell,* we specifically held that a "delinquency proceeding" is not a "criminal case" even though the adjudication of delinquency in a given case may rest upon the commission of acts by a juvenile that, if committed by an adult, would be deemed felonious. In support of this conclusion we cited *State v. Cook,* 99 R.I. 710, 210 A.2d 577; *In re Lewis,* 11 N.J. 217, 94 A.2d 328; *State ex rel. Slatton v. Bowles,* 147 W.Va. 674, 130 S.E.2d 192. To this list of citations should be added *Petition of Morin,* 95 N.H. 518, 68 A.2d 670; and *Lindsay v. Lindsay,* 257 Ill. 328, 100 N.E. 894.

*In re Urbasek,* Supreme Court of Illinois, November 30, 1967, not yet reported, holds that in a delinquency proceeding the quantum of proof required by the due process and equal protection clauses of the Fourteenth Amendment is "beyond a reasonable doubt" and not just a "preponderance of evidence." But this does not justify the conclusion that a juvenile deliquency proceeding is now to be deemed as a criminal proceeding.

The answer to this contention is *In re Gault,* 387 U.S. 1, 18 L. Ed.2d 527, 87 S. Ct. 1428, where the following appears:

"We do not mean by this to denigrate the juvenile court process or to suggest that there are not aspects of the juvenile system relating to offenders which are valuable. But the features of the juvenile system which its proponents have asserted are of unique benefit will not be impaired by constitutional domestication. For example, the commendable principles relating to the processing and treatment of juveniles separately from adults are in no way involved or affected by the procedural issues under discussion. Further, we are told that one of the important benefits of the special juvenile court procedures is that they avoid classifying the juvenile as a 'criminal.' The juvenile offender is now classed as a 'delinquent.' *There is, of course, no reason why this should not continue.* It is disconcerting, however, that this term has come to involve only slightly less stigma than the term 'criminal' applied to adults. It is also emphasized that in practically all jurisdictions, statutes provide that an adjudication of the child as a delinquent shall not operate as a civil disability or disqualify him for civil service appointment. There is no reason why the application of due process requirements should interfere with such provisions." (Emphasis added.)

For all of these reasons we adhere to our determination in the *Terrell* case that a delinquency proceeding is not a criminal case, and that therefore the sections of the Children's Code with which we are here concerned do not conflict with Amended Article VI, § 9 of our constitution.

It should perhaps again be stated, as it was in the *Terrell* case, that courts are not concerned with the wisdom of legislative enactments. The people, acting through their elected representatives, have determined that with certain exceptions children under eighteen years of age who commit acts which if committed by one

over eighteen would constitute a felony are nonetheless, because of their age, to be handled as juvenile delinquents and not as adult criminals. No doubt there is a marked difference of opinion as to the wisdom of this particular legislative determination. The proponents of the Children's Code as evidenced by the Code itself are obviously of the view that modern sociological concepts suggest that juvenile offenders be handled in a different manner than adult offenders in an effort to rehabilitate the child while he is still in his formative years.

■■ On the other end of the spectrum are those who are of the "eye for an eye" school and who sincerely believe that even a ten year old should be handled in the selfsame manner as an adult felon. This type of controversy, however, is a matter to be first debated and then resolved by the legislature. Thereafter the wisdom of the statute is not to be reexamined by the courts. Rather, the only task of the courts is to determine whether the legislative enactment offends the constitution. And if the statute under consideration is not at odds with the constitution, then it becomes the *duty* of the courts to enforce the statute.

Being of the firm view that the Children's Code does not offend Amended Article VI, § 9 of the Colorado constitution, our only task then is to give effect to the various provisions of the Code.

We agree, therefore, with the district attorney, who represents the respondents, that the rule should be, and hereby is, made absolute. Accordingly, the respondent court is ordered to grant the motion to dismiss filed by Rodello and Morales, without prejudice to the right to institute delinquency proceedings against the two in the Denver Juvenile Court.

MR. CHIEF JUSTICE MOORE and MR. JUSTICE HODGES dissent.

Mr. Chief Justice Moore dissenting:

My conviction, that the majority opinion does violence to express constitutional limitations on the power of the legislative branch of government, requires that I repeat portions of my dissenting opinion in *People ex rel. Terrell,* as follows:

Article VI, Section 9(1) of the Colorado constitution provides that, "The district courts * * * shall have original jurisdiction in all * * * criminal cases * * *."

It is my view that the legislative act under consideration attempts to curtail the power conferred upon the district court by this constitutional provision. The act recognizes that a "child" (defined as a person under 18 years of age) can commit a felony. This appears in the following language:

"A child shall be charged with the commission of a felony only as provided in subsection 4(a) of this section, except for crimes of violence punishable by death or life imprisonment where the accused is 16 years of age or older."

There is here a recognition that felonies may be committed by children both over and under 16 years of age.

In the statute above quoted there is a clear indication that "children" under 18 years of age are capable of committing felonies including aggravated crimes of violence. However, it is claimed that they should not be answerable, as provided by the constitution, for lesser felonies. I submit that if such "child" is answerable to the district court, under the terms of the constitution for the felony of murder, he is equally answerable to that court for the felony of robbery, or assault with intent to commit murder, or other crime requiring a lesser degree of culpability. It makes no sense to me to say that a person under 18 years of age may be tried for felonies in the district court (as required by the constitution) if it is a major "capital offense," but cannot be tried

for lesser ones, some of which are frequently necessarily included in the "capital" crime.

The statute attempts to nullify the constitutional provision by asserting, in ultimate effect, that the "lesser" felony charge can only be filed in the juvenile court, where it will be called something else.

To the foregoing I would add the following comment. No person can truthfully deny that a very substantial percentage of burglaries, robberies, thefts, and assaults upon the person, are committed by persons between the ages of 16 and 18. If this conduct gives rise to legal action, in the prosecution of which it is necessary to apply all the rules applicable to criminal cases; and if the court is authorized upon a finding of guilt to impose a sentence, whether it be imprisonment, probation, or other restraint on freedom, the action is one which is necessarily a "criminal case" within the coverage of the constitution which confers "original jurisdiction" in *all criminal cases* upon the district court. The constitution does not say that the jurisdiction of the district court can be ousted unless the juvenile court (a creature of statute) gives consent that the district court may act. It is my conviction that the legislature has no power thus to limit by statute the constitutional authority vested in the district court. I readily agree that there is an age beneath which the legislature can determine that a "child" is incapable of committing any crime. It has no power to say that a person 16 to 18 years of age cannot commit small crimes, but can only commit big ones. This, to me, is an absurdity in face of the known truth that crimes of all kinds, in and out of organized gangs, are being committed in very substantial numbers by persons within the ages of 16 to 18 years. Using the term "delinquency" to this age group does not change the essential nature of the event on which it is based. If that event in the judgment of the district attorney, whose job it is to prosecute criminal cases, warrants prosecution for commission of a crime,

the district court has constitutional jurisdiction to proceed.

I quote from "The United States LAW WEEK" of December 19, 1967, language there quoted from *In Re Urbasek*, (Supreme Court of Illinois 11/30/67) as follows:

"* * * A minor found guilty of the requisite misconduct to be adjudged a delinquent 'is committed to an institution' where he may be restrained of liberty for years. It is of no constitutional consequences — and of limited practical meaning — that the institution to which he is committed is called an Industrial School. The fact of the matter is that, however euphemistic the title, a 'receiving home' or an 'industrial school' for juveniles is an institution of confinement in which the child is incarcerated for a greater or lesser time. His world becomes 'a building with whitewashed walls, regimented routine and institutional laws.' * * *. Instead of mother and father and sisters and brothers and friends and classmates, his world is peopled by guards, custodians [and] state employees * * *. When we eschew legal fictions and adopt a realistic view of the consequences that attach to a determination of delinquency and a commitment to a juvenile detention home, 'juvenile quarters' in a jail or a State institution as described above, we can neither truthfully nor fairly say that such an institution is devoid of penal characteristics. * * *"

In other words, such a proceeding is a criminal case, constitutionally triable in the district court.

MR. JUSTICE HODGES concurs in this dissent.