306 A.2d 821.

IN RE VICTOR A. PEREIRA.

JULY 6, 1973.

PRESENT: Roberts, C. J., Paolino and Kelleher, JJ.

ROBERTS, C. J. Victor A. Pereira is prosecuting an appeal from an order of the Family Court adjudicating him way-

ward within the meaning of G. L. 1956 (1969 Reenactment) §14-1-3(G)(6),[1] for throwing a rock at a police vehicle in violation of §11-44-22.[2] As a consequence of that order, on July 7, 1971, the appellant was ordered detained at the Training School for Boys. The appellant was released from custody on October 5, 1971, on bail pending the outcome of this appeal.

The state sought to prove its case through the testimony of William Apici, a Providence police officer. Patrolman Apici testified that on June 15, 1971, at 9:20 p.m. he and his partner, Patrolman Bruckshaw, were in the Chad Brown Project area responding to a call for assistance from the Project Patrol Officers. After assisting in the problem, the two police officers returned to their car. As they were getting ready to leave, Patrolman Apici testified that he saw Pereira throw a rock at the police car. Apici and Bruckshaw then emerged from the car and apprehended appellant.

In his appeal Pereira argues that an essential element of a violation of §11-44-22 is that the vehicle must be moving at the time the object is thrown at it. He further contends that the state did not introduce any evidence, thus failing to prove beyond a reasonable doubt that the police vehicle was in motion when he allegedly threw the rock. In response, the state argues that in a Family Court proceeding to determine if a juvenile is delinquent or wayward, the

---

[1]Section 14-1-3(G)(6) reads as follows: "The term 'wayward' when applied to a child shall mean and include any child * * *

(6) Who has on any occasion violated any of the laws of the state or of the United States or any of the ordinances of cities and towns, other than ordinances relating to the operation of motor vehicles."

[2]Section 11-44-22 reads as follows: "Throwing articles at moving vehicles. Every person who shall wilfully throw, shoot or in any other manner propel a snowball or any other object at any moving motor or other vehicle in use upon the roads or highways of this state shall upon conviction thereof be punished by a fine not exceeding five hundred dollars ($500) or by imprisonment not exceeding one (1) year, or by both such fine and imprisonment."

714

state's petition does not have to be framed with the preciseness of a criminal complaint brought in the District Court against an adult. For its contention, the state relies upon *State* v. *Cook*, 99 R. I. 710, 210 A.2d 577 (1965). We are aware that *Cook* held that a petition to adjudge a juvenile wayward need not require the precision and certainty of a criminal complaint.[3] However, the controlling issue here is not the precision of the petition but rather what burden of proof the state has at a hearing based on the petition.

In a criminal prosecution of an adult, the state must prove beyond a reasonable doubt each and every element of the offense charged before a conviction can lie. *State* v. *Koohy*, 105 R. I. 197, 250 A.2d 711 (1969). The United States Supreme Court has mandated that juveniles, like adults, are constitutionally entitled to proof beyond a reasonable doubt when they are charged with a violation of a criminal law. *In re Winship*, 397 U. S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). In light of *Winship*, we have said that the extreme caution which exists in the criminal fact-finding process for the purpose of protecting an innocent adult applies with equal force for the purpose of protecting the innocent child. *State* v. *Turner*, 107 R. I. 518, 268 A.2d 732 (1970). Thus, we are compelled to conclude that where the state attempts to have a juvenile declared wayward or delinquent because he violated a state criminal statute, the state must prove beyond a reasonable doubt each and every element of the offense charged.

The state, then, had the burden to prove that the police vehicle was in motion when Pereira allegedly threw the rock. The Family Court justice found that the car was

---

[3]*State* v. *Cook*, 99 R. I. 710, 210 A.2d 577 (1965), was decided prior to the United States Supreme Court's decision of *In re Gault*, 387 U. S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). For purposes of this decision we do not have to reach the question of whether *Cook* is still valid in light of the *Gault* decision.

in motion. Patrolman Apici had testified that he and his partner were in the car "getting ready to leave" when he saw appellant throw the rock. The trial justice interpreted the words "getting ready to leave" to mean that the car was in motion. In our opinion, however, the interpretation of the trial justice is without support in the evidence. The trier of fact may always draw reasonable inferences from the evidence presented. "An inference must, however, be based on some evidence—either direct or circumstantial. A conclusion made in the absence of such evidence is not an inference but rather pure conjecture." *State* v. *Koohy, supra* at 202, 250 A.2d at 714.

On the record of this case there is no evidence that the car was moving when the rock was thrown. Patrolman Apici merely said that he and his partner were "getting ready to leave" when the rock struck the car. The trial justice's interpretation of these words is only one of several meanings which the phrase connotes, and those words alone do not provide proof beyond a reasonable doubt that the car was moving at the time the rock was thrown.

The trial justice also felt that appellant's testimony corroborated the fact that the car was in motion when the rock hit it. Pereira did testify that he saw the police car move at some time prior to his apprehension. However, he denied that he threw anything at the car, and he further denied seeing anyone throw an object at the car. Therefore, his testimony offers no evidence that the rock was thrown when he saw the car moving.

Our scrutiny of the record convinces us that the prosecution overlooked the necessity of proving each and every element of a violation of §11-44-22. The transcript discloses no testimony that constitutes proof beyond a reasonable doubt that the police vehicle was in motion at the time of the rock-throwing incident.

The appeal of the appellant is sustained, the order ap-

pealed from is reversed, and the cause is remanded to the Family Court.

Mr. Justice Joslin and Mr. Justice Doris did not participate.

*Richard J. Israel*, Attorney General, *Donald P. Ryan*, Asst. Attorney General, *Philip Weinstein*, Special Asst. At-Attorney General, for petitioner.

*Rhode Island Legal Services, Richard B. Tucker*, for respondent.