STATE

v.

James F. TWEEDIE.

No. 81–170–C.A.

Supreme Court of Rhode Island.

April 27, 1982.

856

Dennis J. Roberts, II, Atty. Gen., Melanie Wilk Spencer, Asst. Atty. Gen., for plaintiff.

Michael J. Kiselica, Providence, for defendant.

1. General Laws 1956 (1976 Reenactment) § 4–1–2 has since been amended by P.L.1981, ch.

OPINION

SHEA, Justice.

This case involves an appeal by the defendant, James F. Tweedie, from his conviction in the Superior Court of cruelly killing an animal in violation of G.L.1956 (1976 Reenactment) § 4–1–2. The evidence established that the defendant placed a healthy cat in a microwave oven and turned it on, thereby causing the cat's death.

The defendant asserts on appeal that the language in the criminal complaint and the language of the statute that it quotes are unconstitutionally vague and that the evidence introduced by the state was insufficient to support defendant's conviction. We deny the appeal and affirm the Superior Court judgment of conviction.

Section 4–1–2 reads as follows:

"Overwork, mistreatment or failure to feed animals.—Whoever shall overdrive, overload, drive when overloaded, overwork, torture, torment, deprive of necessary sustenance, cruelly beat, mutilate or *cruelly kill*, or cause or procure to be so overdriven, overloaded, driven when overloaded, overworked, tortured, tormented, deprived of necessary sustenance, cruelly beaten, mutilated or cruelly killed, any animal, and whoever, having the charge or custody of any animal, either as owner or otherwise, shall inflict unnecessary cruelty upon the same, or shall unnecessarily fail to provide the same with proper food, drink, shelter or protection from the weather, shall, for every such offense, be imprisoned not exceeding eleven (11) months, or be fined not exceeding two hundred fifty dollars ($250), or be both imprisoned and fined as aforesaid." (Emphasis added.) [1]

The complaint filed against defendant charged him with "willfully, maliciously, and cruelly kill[ing] an animal, to wit: a cat." The defendant moved below to dismiss the complaint on the grounds that the quoted language of § 4–1–2 is vague and therefore violates art. I, sec. 10 of the Rhode

298, § 1. The only change has been to increase the maximum fine from $250 to $500.

Island Constitution and also the due-process clause of the Fourteenth Amendment to the United States Constitution.

General Laws 1956 (1981 Reenactment) § 12–12–1.4 entitled "Contents of indictments, informations and complaints" requires that

"[a]n indictment, information or complaint shall be a plain, concise and definite written statement of the offense charged. An indictment, information or complaint which provides the defendant and the court with adequate notice of the offense being charged shall be sufficient if the offense is charged either (a) by using the name given to the offense in terms of either the common law or by statute or (b) by stating the definition of the offense in terms of substantially the same meaning."

■ The complaint in question charged defendant by using the name given to the offense by statute and by further specifically referring to the statute. The complaint, after charging defendant as recited above, noted that this was a violation of § 4–1–2. This criminal complaint fully complies with the requirements of § 12–12–1.4 as well as with state and federal constitutional requirements. It provided defendant "with adequate notice of the offense with which he is being charged." *State v. Berberian*, R.I., 416 A.2d 127, 129 (1980). Furthermore, in the case before us, the criminal complaint was issued after defendant had admitted that he had put the cat into the microwave oven at his place of employment on August 14, 1980. The defendant had been interviewed more than once by police officers who were investigating the incident. The events under consideration and defendant's involvement are such that he could have had no doubt whatsoever concerning the offense with which he was charged.

■ Tweedie next challenges the statute as unconstitutionally vague by arguing in his brief that the words "cruelly kill" depend for their meaning on the idiosyncrasies of the trier of fact. *See People v. Superior Court*, 105 Cal.App.3d 365, 164 Cal. Rptr. 210 (1980). Basic due process requires that any criminal statute set forth with reasonable clarity those acts that it proscribes. No man shall be held criminally responsible for conduct that he could not reasonably understand to be proscribed. *United States v. Harriss*, 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989, 996 (1954).

"[I]f the general class of offenses to which the statute is directed is plainly within its terms, the statute will not be struck down as vague, even though marginal cases could be put where doubt may arise. And if this general class of offenses can be made constitutionally definite by a reasonable construction of the statute, this Court is under a duty to give the statute that construction." [Citations omitted.] *Id.* at 618, 74 S.Ct. at 812, 98 L.Ed. at 996–97.

■ In this case the term "cruelly kill" appears in § 4–1–2 within an extensive list of criminally culpable acts and omissions. Read in the context of the entire statute it is anything but vague. No idiosyncrasy of a trier of fact is required to conclude that the killing of the cat in this case was cruel. There is evidence that the cat died shortly after it was found in the microwave oven. The record reflects that a scratching noise was heard coming from the oven. As the door was opened the rear legs of the cat fell out. The cat was alive but died shortly after. It would be absurd for us to conclude that the killing of the cat in this manner was not a cruel killing prohibited by the language of § 4–1–2.

■ Finally, defendant argues that the evidence of cruelty was not sufficient to satisfy the statute. The trial justice, sitting without a jury, found that defendant placed a healthy cat in a microwave oven, and turned the oven on causing injuries resulting in the cat's death. He further found that defendant was indifferent to the pain and suffering he caused the cat. The evidence before the trial justice was the entire police file. This record of the police investigation was stipulated to by defendant and the state, and it was made a full exhibit. No other evidence was offered.

It is well settled that it is the duty of the factfinder to draw inferences. *In re Victor A. Pereira*, 111 R.I. 712, 306 A.2d 821 (1973); *State v. Koohy*, 105 R.I. 197, 250 A.2d 711 (1969). The evidence before the trial justice was that the cat was found alive in the microwave oven even after it had been burned extensively. It survived briefly after removal from the oven. Admittedly animals are not capable of communicating verbally. However, reasonable inferences of severe suffering are easily drawn from the evidence in this record. The trial justice's finding of indifference to the pain caused to the cat is fully based on the evidence. After Tweedie admitted placing the cat in the oven, turning it on, and leaving the cafeteria, his only concern was that he might have jeopardized his job.

We conclude that the statute and the complaint based on it are not unconstitutionally vague. Also, we hold that the evidence before the court was more than sufficient to satisfy the burden of proving the charge beyond a reasonable doubt.

The appeal is denied and dismissed, the judgment of conviction appealed from is affirmed, and the papers of the case are remanded to the Superior Court.